[No. 11102.   In Bank. — November 24, 1885.]

## J. K. SMITH, County Treasurer, etc., Respondent, *v.* J. P. DUNN, State Controller, Appellant.

COMMISSIONS OF COUNTY OFFICERS — REVENUE ACTS CONSTRUED — COUNTY GOVERNMENT ACT. — The County Government Act of March 14, 1883, has not repealed the provisions of the acts of May 17, 1861, or of March 5, 1870, or section 3428 of the Political Code, allowing certain commissions and mileage to county officers on the amount of taxes and other public revenue collected by them.

ID. — FEES DEFINED — PERCENTAGE. — The word "fees," as used in section 165 of the County Government Act, includes the commissions estimated by a percentage allowed by law on sums of money received or collected. The percentages provided for by the act are to be retained by the county officers and paid into the treasury, and set apart therein as a salary fund to be applied to the payment of their salaries.

APPEAL from a judgment of the Superior Court of Yolo County.

The facts are stated in the opinion of the court.

*Attorney-General Marshall*, for Appellant.

*Frank S. Sprague*, and *Freeman, Johnson, & Bates*, for Respondent.

THORNTON, J. — This action was brought by plaintiff as treasurer of Yolo County to procure a writ of mandate to compel the defendant, as state controller, to make a settlement with the petitioner, allowing certain commissions claimed to be due to the county above mentioned, and certain mileage due respondent. This claim is made under the act of May 17, 1861 (see Stats. 1861, p. 453, secs. 107, 108), the act of March 5, 1870 (Stats. 1869–70, p. 164, sec. 13), and section 3428 of the Political Code.

It is said that the law making these allowances has been repealed by the act approved March 14, 1883, entitled "An act to establish a uniform system of county and township governments." We are referred to sections 164 and 165 of this act.

By section 164 it is enacted that " the salaries and fees provided for in this act shall be in full compensation for all services of every kind and description rendered by the officers therein named, their deputies and assistants."

The same section excepts from the foregoing certain commissions allowed the assessor, estimated by a percentage of the amount of the taxes on personal property collected by him under section 3820, Political Code, and on the poll-taxes also collected by him. In many of the counties the constables are to be compensated by fees allowed by law at the date of the passage of the act or afterwards. These fees are in part commissions estimated by a percentage.

It is provided by section 165 of this act as follows:—

"All salaried officers of the several counties of this state

shall charge and collect for the use of their respective counties, and pay into the county treasury on the first Monday in each month, the fees now or hereafter allowed by law in all cases except the percentage heretofore allowed such officers, and excepting also such fees as are a charge against the county."

Now, it is argued that inasmuch as " percentages " are not required in so many words to be paid into the county treasury, but " fees " are, that percentages and fees refer to different things, and that the officers have no right to retain and pay such percentages into the treasury.

We cannot concur in this view. ·The word " fees," in its popular and common acceptation, includes the commissions, estimated by a percentage allowed by law on sums of money received or collected. We think the word " fees " is used with such signification in the section cited from the County Government Act.

This view is sustained by section 168 of the same act, which provides that "for the purpose of paying the salaries provided for in this act, all fees directed to be paid into the county treasury shall be set apart therein as a separate fund, to be known as the salary fund, to be applied to the payment of said salaries."

The act provides for compensation to most of the officers named in it by fixed salaries, and by way of providing the means of paying these salaries, orders that the fees heretofore devoted to the compensation of such officers be paid into the respective county treasuries and constitute a fund for that purpose. The principal portion of the fees heretofore applied to the payment of salaries was the percentages, usually styled commissions. If these percentages were not included in the word "fees," the salary fund might be trifling in amount.

It should be borne in mind that the state's portion of the taxes is collected by county officers. It is but just, therefore, that the commissions on this portion should be paid into the county treasuries and go into

the salary fund.   If it were otherwise, the entire expense of collecting the state's portion of the revenue would fall on the counties.   Under the system as we construe it, the state and county each will pay the expense of collecting its own revenue.

The judgment of the court below is without error, and must be affirmed.

MYRICK, J., MORRISON, C. J., ROSS, J., McKINSTRY, J., and McKEE, J., concurred.