(February 7, 1887.)

## ROSENTHAL et al. v. IVES et al. and LANSDALE et al. v. IVES et al.

### [12 Pac. 904.]

MINING CLAIM—ADVERSE CLAIM—RIGHT TO PATENT—SHOWING TO BE MADE.—In an action brought under section 2326 of the Revised Statutes of the United States, and the act of 1887, amendatory thereof, in support of an adverse mining claim, it is not enough that one claimant should show a superior right or title, as against the other, but one must show a clear right, as against the government, to a patent from the United States to the claim in dispute or some part thereof, before either party can prevail in the action.

ALIENS CANNOT LOCATE CLAIM.—Under the acts of Congress only citizens of the United States and persons who have declared their intention to become such can acquire any right by location upon mineral lands of the public domain.

FINDINGS—MUST ALLEGE AND PROVE CITIZENSHIP.—In an action be-
tween claimants to determine the right of possession to a mining
claim the plaintiffs must allege and show all the qualifications
necessary to entitle them to purchase, among which must be in-
cluded an allegation that the plaintiffs are citizens, or have de-
clared their intention to become such, and when the action is tried
to the court alone all these facts must be found, whether admitted
by the pleadings or not.

SAME.—As there was an omission to find in these cases that plaintiffs
were citizens, or had declared their intention to become such,
*held,* that the judgment should be reversed and the causes re-
manded, with direction to the court below to find on this question
from the evidence taken at the trial, if sufficient, and if not,
upon such evidence as may be adduced, and proceed to render
judgment accordingly.

(Syllabus by the court.)

APPEAL from District Court, Shoshone County.

Charles W. O'Neill, for Appellants.

The consolidation and trial of the two causes as one case
was unauthorized by law and improper, even with the consent
of parties. (Code, sec. 713; *Wallace v. Eldredge,* 27 Cal. 498.)·
Actions brought pursuant to section 2326 of the Revised Stat-
utes of the United States are virtually applications for a pat-
ent for the ground in controversy; and it is incumbent upon
a party to such action to show every fact essential to the ini-
tiation and perfection of any right claimed by him under the
act of May 10, 1872, and to entitle him to the possession of
the ground, not only against the defendant, but against the
general government. (*Golden Fleece etc. Min. Co. v. Cable
Consol. etc. Min. Co.,* 12 Nev. 312; *McGinnis v. Egbert,* 8·
Colo. 41, 5 Pac. 652; *Mining Co. v. Brown,* 10 Saw. 243, 21
Fed. 167; *Gelcich v. Moriarty,* 53 Cal. 217; *Jackson v. Roby,*
109 U. S. 440, 3 Sup. Ct. Rep. 301; *Gwillim v. Donnellan,* 115
U. S. 45, 5 Sup. Ct. Rep. 1110; *Steel v. Mining Co.,* 18 Nev.
80, 1 Pac. 448.) The performance of annual labor is neces-
sary to hold a placer claim. (*Carney v. Mining Co.,* 65 Cal.
40, 2 Pac. 734.) An alien can neither locate, possess, nor ac-
quire title under patent to the mineral land of the United
States. (*Tibbitts v. Ah Tong,* 4 Mont. 536, 2 Pac. 759; *Chap-
man v. Toy Long,* 4 Saw. 28, Fed. Cas. No. 2610; *Golden*

*Fleece etc. Min. Co. v. Cable Consol. etc. Min. Co.,* 12 Nev. 312.) The possessory right to the·mineral lands of the United States may be acquired, in the absence of local rules, by a bare compliance with the act of Congress. (*Golden Fleece etc. Min. Co. v. Cable Consol. etc. Min. Co.,* 12 Nev. 312.)

William H. Claggett, for Respondents.

The consolidation of the two causes was proper. (Code Civ. Proc., sec. 713; *Cariaga v. Dryden,* 29 Cal. 308; Code Civ. Proc., sec. 196.) A finding is not necessary on any fact that is expressly admitted, or not denied in the pleadings. (*Swift v. Muygridge,* 8 Cal. 445; *Fox v. Fox,* 25 Cal. 588; *Taylor v. Palmer,* 31 Cal. 256.) The laws of the United States do not require $100 to be annually expended upon a placer claim. (U. S. Rev. Stats., sec. 2324.) Forfeiture and a relocation thereunder must be specially pleaded. (*Morenhaut v. Wilson,* 52 Cal. 268; *Water Co. v. Mooney,* 12 Cal. 534; *Richardson v. McNulty,* Blanch. & W. Lead. Cas. 225, notes; *Pralus v. Mining Co.,* 35 Cal. 35.) The law of 1866 was intended to extend to the customary law of the miners the legal protection of the government. (*Broder v. Water Co.,* 101 U. S. 276; *Basey v. Gallagher,* 20 Wall. 683; *Jennison v. Kirk,* 98 U. S. 456, 457.)

BRODERICK, J.—These actions were commenced in support of the adverse claims made by the plaintiffs against the issuance of patents to Ives and Silverthorn to the Idaho Bar claim, in Shoshone county, Idaho. The two cases were, by consent of the parties, consolidated, and tried by the court without a jury. The court found and adjudged that Ives and Silverthorn were, as against the plaintiffs in each of said cases, the owners of, and entitled to the possession of, a certain portion of the claim, which was described in the judgment; that the plaintiffs in the Lansdale case were the owners of, and entitled to the possession, as against the defendants, of that portion of the Idaho Bar claim more than eighty rods distant from the west line thereof, which conflicted with the lower half of the Murray location; that the plaintiffs in the Rosenthal case were the owners of, and entitled to the possession, as

against the defendants, of all the area in conflict with the upper half of the Murray location; that Ives and Silverthorn be enjoined and restrained from asserting or claiming any right, title, interest, or estate in any of the two parcels herein adjudged to be the property of the plaintiffs in the consolidated cases, respectively, and from prosecuting their application for a United States patent to any portion of said parcels of land.

From this judgment Ives and Silverthorn appeal to this court, and assign as error: 1. That the consolidation and trial of the two cases as one was unauthorized by law, and improper, even with the consent of the parties; 2. That the findings do not show that Murray (one of the original locators) was a citizen of the United States, or had declared his intention to become such, nor that the plaintiffs in either of said cases were citizens of the United States, or had declared their intention to become such; 3. That the findings fail to show that the plaintiffs in either of said cases, or their predecessors in interest, ever complied with the requirements of section 2324 of the Revised Statutes, and the several acts amendatory thereof, as to performing the annual labor required by those acts, during A. D. 1884; 4. The finding that there was a mining custom in force, at the date of the Ives location, limiting all placer claims in that locality to eighty rods in length to each locator; that no exceptions to this custom were allowed by the custom itself; that the Ives location was made in violation of this custom, and was void as to the excess in length beyond eighty rods from its beginning point.

We will notice these questions in their order.

The consolidation of the cases below for the purposes of the trial, by the consent of the parties, is certainly no ground for reversal. The defendants were the same in both cases, and the questions involved the same. The consolidation and trial as one case saved costs to all the parties, and, if the order was error, it was without prejudice. At least, there has been no claim here that any prejudice resulted therefrom. In such a case a party should not be heard to complain here of that to which he assented in the court below.

The second question, as to the omission to find that Murray or the plaintiffs in either of the cases were citizens, or had de-

clared their intention to become such, is more difficult. It appears from the record that in the Rosenthal case the citizenship of Murray and plaintiffs is alleged, and not denied. In the Lansdale case the citizenship of plaintiffs is alleged, denied by the defendants, and hence put in issue. It further appears that on October 13, 1885, after the rendition of the judgment, appellants stipulated in open court that the Lansdale case should "abide and be controlled by all orders, decisions, and judgments in the Rosenthal case."

It is contended, on behalf of the respondents, that the judgment in the Rosenthal case should be affirmed (so far as this point is concerned), because the citizenship of Murray and the plaintiffs is admitted, or not denied; and also that the judgment in the Lansdale case should be affirmed, because under the stipulation it was to abide and be controlled by the decision and judgment here in the Rosenthal case. In ordinary cases, this point made by counsel would have to be sustained, as it is a general rule, well recognized, that what is admitted by the pleadings is taken as proven, and that which is alleged in the complaint, and not denied by the answer, is considered admitted, as between the parties. But these are statutory actions, brought under an act of Congress, and must be controlled by its provisions. It is true that it is a contest between parties to settle the right of possession to mining ground, but the act provides that, after a judgment is rendered, the party entitled to the possession of the claim, or any part thereof, may, without giving further notice, file a certified copy of the judgment-roll with the register of the land office, together with the certificate of the surveyor general, etc., and make the payments required; "whereupon the whole proceedings and the judgment-roll shall be certified by the register to the commissioner of the general land office, and a patent shall issue thereon for the claim, or such portion thereof as the applicant shall appear from the decision of the court to rightly possess." The amendatory act of 1881 provides that if, upon the trial, neither party appears to be entitled to the claim in dispute, nor any part thereof, this fact must be found, and judgment rendered accordingly.

From a consideration of these provisions, it is clear that the object and purpose of the action is not only to settle the contro-

versy as between the claimants, but for the information of the officers of the land department of the general government. It is not enough that one party should show the better or superior title, as against the other claimant, but one party must show clearly, as against the government, the right to a patent for the disputed ground, or some part thereof, before either claimant can prevail in the action. (*Jackson v. Roby,* 109 U. S. 441, 3 Sup. Ct. Rep. 301; *Lee Doon v. Tesh,* 68 Cal. 43, 6 Pac. 97, 8 Pac. 625; *McGinnis v. Egbert,* 8 Colo. 41, 5 Pac. 653, 660.)

The citizenship of Murray and the plaintiffs was pleaded, and we think there should have been a finding upon this allegation of the complaint, notwithstanding the admissions of the defendants. We must not be understood as deciding that in all actions the trial court must find upon allegations which are admitted by the parties, but we limit our conclusions in this regard to this particular class of cases. (*North Noonday Min. Co. v. Orient Min. Co.,* 1 Fed. 522.)

As to the third assignment of error, we think the findings show a sufficient compliance on the part of the plaintiffs with the requirements of law as to performing the necessary labor upon the claim.

This brings us to the fourth and last question to be considered. Was it error to find the existence of a mining custom at the date of the Ives location, limiting all placer claims in that locality to eighty rods in length, and will this finding support the conclusion of law based thereon? Rules and customs of miners, reasonable in themselves, and not in conflict with any higher law, have long been recognized and sanctioned by legislative enactments and judicial decisions. That such rules may still be adopted and enforced as a part of the law of this country is too well settled to admit of argument. We cannot see that the custom in question in any way conflicts either with the acts of Congress, or the laws of the territory, but, on the contrary, think the custom a reasonable one, and entirely in harmony with the spirit of the laws. (U. S. Rev. Stats., sec. 2319; Idaho Code Civ. Proc., sec. 486; *Smelting Co. v. Kemp,* 104 U. S. 652; *Erhardt v. Boaro,* 113 U. S. 535, 5 Sup. Ct. Rep. 560; *North Noonday Min. Co. v. Orient Min. Co.,* 1 Fed. 522.)

We find no error in the record, except the omission to find on the question of citizenship; and, to have this omission supplied, the judgment is reversed, and the causes remanded to the court below, with directions to find upon this question on the evidence taken at the trial, if sufficient, and, if not, upon such evidence as may be adduced, and render judgment accordingly.

Hays, C. J., and Buck, J., concurring.