(March 7, 1888.)

## BOHANON v. HOWE ET AL.

[17 Pac. 583.]

MINING LAW—CITIZENSHIP—RIGHT OF POSSESSION.—Under the act
of Congress of May 10, 1872, only citizens of the United States
and persons who have declared their intention to become such
can acquire any right of possession, by location or otherwise, of
mineral lands on the public domain.

SAME—PLEADING.—In an action for trespass upon mining ground
and for damages, where the legal title to the ground is in the
United States, and the right of possession is made by the plead-
ings a material issue, the plaintiff, in order to recover, must plead
and prove that he is a citizen of the United States, or that he
has declared his intention to become such.

(Syllabus by the court.)

APPEAL from District Court, Lemhi County.

J. T. Morgan, for Appellants.

In an action between claimants to determine the right of
possession to a mining claim, the plaintiffs must allege and
show all the qualifications necessary to entitle them to pur-
chase, among which must be included an allegation that the
plaintiff is a citizen, or has declared his intention to become
such; and, when the action is tried by the court alone, all these
facts must be found. (U. S. Rev. Stats., sec. 2319; Act
July 26, 1866, sec. 1; *Rosenthal v. Ives,* ante, p. 265, 12
Pac. 904.) No mining customs or rules and regulations can
be made which will dispense with the requirements that the
location must be distinctly marked on the ground, so that its
boundaries may be readily traced. (U. S. Rev. Stats., sec.
2324; *Jupiter Min. Co. v. Bodie Consol Min. Co.,* 7 Saw.
96, 11 Fed. 666, 4 Morr. Min. Rep. 411; *Barnes v. Sabron,* 10
Nev. 217.) The provisions of section 2324 of the Revised
Statutes of the United States, requiring the location to be dis-
tinctly marked on the ground, so its boundaries may be readily
traced, and a record of the claims to be made in manner set
forth, are equally applicable to lode and placer claims. (*Sweet
v. Webber,* 7 Colo. 443, 4 Pac. 752; *Jackson v. Roby,* 109 U.
S. 440, 3 Sup. Ct. Rep. 301; U. S. Rev. Stats., sec. 2329, passed

July 9, 1870.) The claim must in some way be defined as to limits, before possession of or working upon a part gives possession to any more than that part so possessed or worked. (*Attwood v. Fricot,* 17 Cal. 43, 76 Am. Dec. 567; *English v. Johnson,* 17 Cal. 115, 76 Am. Dec. 574; *Rogers v. Cooney,* 7 Nev. 213; *Hess v. Winder,* 30 Cal. 355.) If defendants were in the actual adverse possession, plaintiff cannot recover. (*Raffetto v. Fiori,* 50 Cal. 363; *Uttendorffer v. Saegers,* 50 Cal. 496.)

Charles A. Wood, for Respondent.

When it has been proven that the lands in question have been located in accordance with law and local custom, and in possession of plaintiff and his grantors for more than seventeen years last past, no rights can be acquired thereto by an adverse location. (*Belk v. Meagher,* 104 U. S. 279.) Actual possession of a portion of a mining claim, according to the custom of miners, extends by construction to the limits of the claim held in accordance with such custom. (*Hicks v. Bell,* 3 Cal. 220; *Attwood v. Fricot,* 17 Cal. 37, 76 Am. Dec. 567.) Actual possession of a mining claim is not essential to the validity of the title obtained by a valid location, and, until such location is terminated by abandonment or forfeiture, no right or claim to the property can be acquired by an adverse entry thereon with a view to the relocation thereof. (*Belk v. Meagher,* 104 U. S. 279; *Gropper v. King,* 4 Mont. 367, 1 Pac. 755; *Pralus v. Mining Co.,* 35 Cal. 30; Weeks' Mineral Lands, 109, 150, 157.) When the grantor is in actual possession of a mining claim, he may convey the same by verbal sale, accompanied by a transfer of the possession. (*Jackson v. Water Co.,* 14 Cal. 18; *Tunnel Co. v. Stranahan,* 20 Cal. 198; *Gatewood v. McLaughlin,* 23 Cal. 178; *Kinney v. Mining Co.,* 4 Saw. 386, Fed. Cas. No. 7827.)

BRODERICK, J.—This action was commenced in the district court in and for Lemhi county against the defendants for trespassing upon certain placer mining ground, for damages, and for equitable relief by injunction to restrain future trespasses. The case was tried by the court without a jury.

Judgment for the plaintiff, and defendants appealed. The plaintiff alleged, among other facts, that he was the owner, entitled to the possession, and had been in the actual possession, by himself and through his grantors, for more than fifteen years last past. The answer for the defendants denies the essential allegations of the complaint, and further alleges that the lands were, on the twenty-third day of March, 1885, vacant and unoccupied public lands of the United States, and subject to location under the laws thereof; and that said defendants then located all of said ground.

Neither plaintiff nor defendants have alleged any facts as to citizenship. This seems to us to have been requisite. By the act of Congress of May 10, 1872, all valuable mineral deposits in lands belonging to the United States were declared to be free and open to exploration and purchase by citizens of the United States, and those who have declared their intention to become such, under regulations prescribed by law, and according to the laws, customs, and rules of miners in the several mining districts, so far as applicable and not inconsistent with the laws of the United States. It is conceded that if this were an action in support of an adverse claim, and to determine the right of possession therein, it would have been necessary to have pleaded and proved citizenship, or what is its equivalent, in such action. But it is contended that in an action for trespass upon mining ground and for damages by reason of such trespass it is unnecessary to show any fact in relation to citizenship. We cannot adopt this view. The record here shows that the legal title to the ground is in the United States. The right of possession is by the pleading made a material issue. Unless plaintiff can establish this right he cannot recover; and as a prerequisite he must show himself to be a citizen, or to have declared his intention to become such. (*Rosenthal v. Ives,* ante, p. 265, 12 Pac. 904; *North Noonday Min. Co. v. Orient Min. Co.,* 1 Fed. 522; *Hess v. Winder,* 30 Cal. 355; *Lee Doon v. Tesh,* 68 Cal. 43, 6 Pac. 97, 8 Pac. 621.)

The objection was first raised in this court that the complaint herein does not state facts sufficient to constitute a cause of action. This objection may be taken at any time before final judgment. We think the point well taken, for the

reason hereinbefore given; but as the objection was not raised in the trial court, where the plaintiff would doubtless have been allowed to amend his pleading, we have concluded to reverse, with leave to either party to amend. The judgment is therefore reversed, and the cause remanded for a new trial, with direction to the court below to allow, on application, either party to amend generally.

Hays, C. J., and Buck, J., concurring.