[Sac. No. 95.   Department Two.—September 16, 1896.]

COUNTY OF SACRAMENTO, Appellant, v. E. P. COLGAN, Controller of State, Respondent.

Sacramento County—Tax Collector—Per Centum for Taxes Collected.—The provision of the act of 1870, page 148, to the effect that "the tax collector of the several counties shall receive for the collection of state and county taxes, except taxes for school purposes, six per centum on the first ten thousand dollars collected, four per centum on all over ten thousand dollars, and under twenty thousand dollars, and two per centum on all over twenty thousand dollars," was repealed, so far as the county of Sacramento is concerned, by the act of 1874, page 204, providing that the tax collector of said county should be allowed one per cent on all state and county taxes collected by him. This

conclusion is not affected by the subsequent act of March 30, 1874, making the sheriff of Sacramento county *ex officio* tax collector, and fixing his salary at "fifteen hundred dollars per annum, and five per centum upon all delinquent taxes by him collected, and the per cent now allowed the tax collector for the collection of licenses."

Appeal from a judgment of the Superior Court of Sacramento County.   A. P. Catlin, Judge.

The facts are stated in the opinion of the court.

*Albert M. Johnson,* and *William M. Sims,* for Appellant.

*W. F. Fitzgerald, Attorney General,* for Respondent.

Henshaw, J.—This is an action in mandate against the controller of the state to compel him, in the next settlement to be made by him with the treasurer of the county of Sacramento, to allow the treasurer to retain, out of any moneys then in his hands and belonging to the state, the sum of thirty-two thousand six hundred and sixty dollars and ten cents.   This amount plaintiff claims to be due it as commissions for collecting state taxes for the years 1876 to 1892, inclusive.

The claim was presented under a recent act of the legislature entitled "An act authorizing the allowance, settlement and payment of claims of counties against the state," approved March 9, 1893.   (Stats. 1893, p. 109.)

The trial court found against the claim of plaintiff, and from its judgment this appeal is taken.

In 1870 there was in force an act entitled "An act to regulate fees of offices and salaries of certain officers, and to repeal certain other acts in relation thereto." (Stats. 1869–70, p. 148.)   Section 1 of that act provided: "Fees and salaries are allowed to the officers hereinafter named . . . . and such officers may lawfully charge, demand, and receive the same to their own use and benefit." Section 13 of the act provided that the tax collector of the several counties shall receive for the collection of state and county taxes, except taxes for school purposes, six *per centum* on the first ten thousand dollars collected,

four *per centum* on all over ten thousand dollars and under twenty thousand dollars, and two *per centum* on all over twenty thousand dollars.

In 1874 the legislature passed another act entitled "An act to regulate the fees of offices and to fix the compensation of the county officers in the county of Sacramento." (Stats. 1873–74, p. 204.)

Section 9 of this act provided that "the tax collector of said county is allowed one *per cent* on all state and county taxes collected by him . . . . which said percentage shall be retained by him out of the moneys so collected as aforesaid." Section 18 provided: "An act entitled 'An act to regulate fees of office and salaries of certain officers, and to repeal certain other acts in relation thereto,' approved March 5, 1870, . . . . so far as it relates to the county of Sacramento, and all acts and parts of acts in conflict with the provisions of this act, so far as they apply to the county of Sacramento, are hereby repealed."

On March 30, 1874, the legislature passed still another act, entitled, "An act in relation to the government of the county of Sacramento." (Stats. 1873–74, p. 909.) Under this act the sheriff was made *ex officio* tax collector, and by section 2 his salary as *ex officio* tax collector was fixed at fifteen hundred dollars per annum, and five *per cent* commissions upon all delinquent taxes by him collected, and the *per cent* now allowed the tax collector for the collection of licenses, in full for all services rendered by him or his deputies as such tax collector."

In *Smith* v. *Dunn*, 68 Cal. 54, it was held that where a public officer, whose compensation had formerly been derived wholly or in part from fees by him collected, was placed upon a fixed salary, the fees formerly retained by the official are still to be collected by him, but are to be paid over to the treasury of the county.

By the last legislative enactment above cited, the compensation of the tax collector was fixed, and that compensation was declared to be "in full for all services," whether rendered by him to the state or to the

county.   Nevertheless, that the state might bear its equitable portion of the expense of the collection of its own taxes, the county was still entitled to receive such commissions as had formerly been allowed by the state to the tax collector.

The sole question presented upon this appeal is whether in the case of Sacramento, and under the laws above set forth, that commission should be the one *per cent* which the county has in the past demanded and collected from the state under the act of 1874, or should be the six, four, and two *per cent* contemplated by the earlier act of 1870.   The trial court held that the act of 1870 had been repealed by the later act of 1874.   Of the soundness of its conclusion in this regard we entertain no doubt.

A reading of the two acts shows that both in title and in contents they deal with the same subject matter. Under each act the tax collector was to be compensated for his services to the state by being allowed to retain a named percentage of the taxes by him collected.   Both acts, then, deal with the compensation of the tax collector.   The provisions fixing compensation under the latter act are different from and repugnant to the provisions of the earlier one.   The latter act in express terms is made applicable to the county of Sacramento, and, if this were not enough to show the legislative intent that the two acts should not, and could not, be construed together, there is an express provision in the act of 1874 calling direct attention to the act of 1870 by its title, and repealing it so far as it applied to the county of Sacramento, or conflicted with the terms and provisions of the latter act.   Even if the act of March 30, 1874, be treated as an act in effect amendatory and supplemental to the earlier act passed at the same session of the legislature, the condition of affairs is not changed; the sheriff as *ex officio* tax collector is put upon a fixed salary; the county is entitled to receive and retain to its own use such commissions as the tax collector would otherwise have been entitled to take and use had a sal-

ary not been substituted for fees. Those commissions or fees would still be the one *per centum* allowed by the act of 1874.

The judgment appealed from is affirmed.

McFARLAND, J., and TEMPLE, J., concurred.