(January 24, 1902.)

# BUCKLEY *v.* FOX.

[67 Pac. 659.]

MINING CLAIM—ACTION TO QUIET TITLE—PLEADING—ALLEGATION OF CITIZENSHIP.—Under the provisions of sections 1 and 2 of an act entitled "An act regulating the rights of aliens, corporations and associations to acquire real estate, etc." (Sess. Laws 1899, p. 70), it is not necessary, in an action to quiet title to a mining claim to allege the citizenship of the plaintiff, but those sections do not apply in an action on an adverse claim under the provisions of section 2356 of the Revised Statutes of the United States after application has been made for a patent.

(Syllabus by the court.)

APPEAL from District Court, Lemhi County.

H. G. Redwine, for Appellant.

The right to enter upon and locate the unoccupied mineral lands of the United States, and maintain the possession thereof, is confined to those who are citizens or have declared their intention of becoming citizens. (U. S. Rev. Stats., sec. 2319; *Anthony v. Jillson,* 83 Cal. 296, 23 Pac. 419; *Lee Doon v. Tesh,* 68 Cal. 43, 6 Pac. 97, 8 Pac. 621; *Bohanon v. Howe,* 2 Idaho, 453, 17 Pac. 582; *Rosenthal v. Ives,* 2 Idaho, 265, 12 Pac. 904; *Rogers v. Shannon,* 52 Cal. 99; *Collins v. Townsend,* 58 Cal. 608; *Estate of Doris,* 93 Cal. 611, 29 Pac. 244; *Smith v. McDonald,* 42 Cal. 487; *Pioche v. Paul,* 22 Cal. 106; *Vassault v. Austin,* 36 Cal. 691.)

John H. Padgham, for Respondent.

Appellant claims that the complaint should allege: 1. That plaintiff is a citizen of the United States; 2. That the court should have so found, basing this claim upon the decisions of the supreme court of the state of Idaho in *Rosenthal v. Ives,* 2 Idaho, 265, 12 Pac. 904, and *Bohanon v. Howe,* 2 Idaho, 453, 17 Pac. 582. In *Harris v. Kellogg,* 117 Cal. 484, 49 Pac. 708, it is held that the rule stated in *Rosenthal v. Ives* and *Bohanon v. Howe* applies only to cases brought under said section

2326, and that there is no reason why the rule should be applied to other causes, citing *Bohanon v. Howe,* with disapproval.

SULLIVAN, J.—This action was brought to quiet title to an undivided one-third interest in and to the Keystone mining claim situated in Blackbird mining district, Lemhi county. Said mining claim was originally located by Angus Cameron, John Taylor, and H. Shipman in 1895. The appellant, J. C. Fox, purchased the interests of said Cameron and Taylor, and by way of forfeiture proceedings instituted under the provisions of section 2324 of the Revised Statutes of the United States, sought to procure title to the one-third interest of H. Shipman in said mining claim, on the ground of said Shipman's failure to pay for his one-third of the assessment work on said claim for the years 1897 and 1898. During the pendency of the forfeiture proceedings the respondent by divers mesne conveyances claimed to have acquired the interest of said Shipman, and attempted to redeem said interest from said forfeiture, and brought this action to determine his right to said undivided one-third interest in and to said claim. The case was tried by the court with a jury, and judgment was entered in favor of the plaintiff. The appeal is from the judgment.

Two errors are relied on for a reversal of the judgment: First, it is contended that the complaint fails to state a cause of action, because it fails to allege that the plaintiff is a citizen of the United States, or had declared his intention to become such; and, second, that there is no finding on the question of citizenship. In support of appellant's contention, counsel cite *Rosenthal v. Ives,* 2 Idaho, 265, 12 Pac. 904, and *Bohanon v. Howe,* 2 Idaho, 453, 17 Pac. 583. The case of *Rosenthal v. Ives, supra,* is not in point, for the reason that that was an action brought in support of an adverse claim on the application for a patent from the United States to a mining claim, and was brought under the provisions of section 2326 of the Revised Statutes of the United States. And the case of *Bohanon v. Howe, supra,* is not in point, for the reason that the rule there laid down has been abrogated by the provisions of sections 1 and 2 of an act entitled "An act to regulate the rights of aliens,

corporations and associations to acquire real estate." (Sess. Laws 1899, p. 70.) By said section 2 it is provided that aliens not Chinese or persons of Mongolian descent, may acquire, take, hold, and dispose of mining claims. (See, also, *Harris v. Kellogg*, 117 Cal. 484, 49 Pac. 708.) This is not an action in support of an adverse claim under the provisions of the statutes of the United States, and under the laws of Idaho, above cited. In a case of this kind it is not necessary to allege or prove that the plaintiff is a citizen of the United States, or that he has declared his intention to become one.

The judgment is affirmed, with costs in favor of respondent.

Quarles, C. J., and Stockslager, J., concur.