**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40346**

| | | |
|---|---|---|
| **TIMOTHY CHARLES CONDON,** | ) | **2013 Unpublished Opinion No. 725** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: October 29, 2013** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Bradly S. Ford, District Judge.

Judgment summarily dismissing action for post-conviction relief, <u>affirmed</u>.

Rebekah A. Cudé, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Timothy Charles Condon appeals from the judgment dismissing his post-conviction claims. He argues that the trial court erred by granting summary dismissal of his claim that his attorney provided ineffective assistance of counsel when he failed to pursue a motion for reduction of bail. We affirm.

## I.

## BACKGROUND

In the underlying criminal action, Condon pleaded guilty to operating a motor vehicle while under the influence of alcohol (second offense within fifteen years), felony, Idaho Code §§ 18-8004, 18-8005. In exchange for his plea, the State did not seek a persistent violator enhancement. After pleading guilty, but before he was sentenced, Condon's defense attorney filed a motion seeking pretrial release. In that motion, counsel argued that the $1,000,000 bail that had been set by a magistrate was excessive and asked that Condon be released on the

1

condition that he stay at the Boise Rescue Mission.[1]  At the next hearing, which was noticed as a hearing on the excessive bail motion, Condon's counsel withdrew the motion and instead requested an earlier sentencing date because the presentence investigation report and a GAIN assessment had been completed.  The trial court accelerated the sentencing date and ultimately sentenced Condon to a unified term of ten years in prison with five years fixed.  Condon filed a motion under Idaho Criminal Rule 35, seeking to reduce his sentence.  The trial court denied that motion and this Court affirmed that denial on appeal in *State v. Condon*, Docket No. 38584 (Ct. App. Nov. 14, 2011) (unpublished).

While his Rule 35 appeal was pending, Condon filed a petition for post-conviction relief, a supporting affidavit, and attached exhibits.  He raised several claims, most of which are not relevant to this appeal.  The only claim pursued on appeal is that Condon's defense attorney provided ineffective assistance by withdrawing the motion alleging excessive bail.  The State filed a motion for summary dismissal pursuant to I.C. § 19-4906.  The State argued that summary dismissal was proper because Condon failed to allege sufficient facts to support his claim, that his claim was conclusory, and that he failed to alleged or provide any evidence of prejudice.  After a hearing, and after the parties submitted written closing arguments, the trial court granted the State's motion and entered a judgment dismissing the case.

## II.

## ANALYSIS

On appeal, Condon raises a single issue, arguing that the trial court erred by granting summary dismissal on the ineffective assistance claim relating to withdrawal of the motion to reduce bail.  A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure.  I.C. § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008).  *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008).  Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based.  *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138

---

[1]     This is the only mention of the Boise Rescue Mission.  It is mentioned solely as a place for Condon to stay while Condon awaited his sentence.  This does not appear to be the institution at which Condon would have sought alcohol treatment services.  Condon repeatedly states that he had a bed at the Lighthouse Rescue Mission in Nampa.  He describes that program as an intensive, inpatient program which lasts twelve to eighteen months.

Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281

3

(2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test. *Wolf*, 152 Idaho at 67-68, 266 P.3d at 1172-73.

Among other rationales, the district court dismissed Condon's claim of ineffective assistance vis-à-vis excessive bail on the ground that he had neither pleaded nor presented evidence of prejudice from counsel's failure to pursue the excessive bail issue. The district court's reasoning was correct. In Condon's petition and supporting materials he does not allege

any connection between the alleged excessive bail and any perceived prejudice. On appeal, Condon argues that he demonstrated prejudice because if his defense attorney had pursued a motion to reduce bail, Condon could have gone into alcohol treatment and this demonstration of his amenability to treatment would have resulted in a lesser sentence. However, the record is bereft of evidence to support this contention. Condon's chain of reasoning on appeal as to how he was prejudiced is as follows. If defense counsel had requested a reduction of bail: (1) the trial court would have reduced his bail; (2) Condon would have posted the reduced bail; (3) Condon would have been accepted into an alcohol treatment program; (4) he would have succeeded in that program; and (5) having succeeded in that program, he would have received a more lenient sentence. While Condon did provide evidence that he could have received treatment at the Lighthouse program, he presented no admissible evidence supporting the other four elements of his argument. Rather, he asks us to assume that the court would have been persuaded to reduce his bail, that Condon had the financial capacity and would have posted the reduced bail,[2] that he would have succeeded in a treatment program, and that this success would have led the trial court to give him a more lenient sentence. Because this claim of prejudice is based on speculation and was not supported by admissible evidence, the petition was properly dismissed. *Roman*, 125 Idaho at 649, 873 P.2d at 903.

Therefore, the judgment of the district court is affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**

---

[2] Condon had been appointed a public defender and therefore had been determined to be indigent.