[No. 4550.]

McCormick et al. v. Parriott et al.

1. **Adverse Suit—Value of Assessment Work—Evidence—View of Premises—Argument of Counsel.**

In an adverse suit, where the material issue was the value of assessment work, what the jury saw in viewing the premises relevant to that issue, might be considered by them in understanding, applying and weighing the evidence as to the value of the work; and a remark by counsel, in his argument to the jury, that, having seen the work, they could say whether it was of the value of one hundred dollars, was not erroneous.

2. **Mining Claim—Value of Assessment Work—Evidence—Cost of Work.**

Upon an issue as to the value of assessment work done on a mining claim, where the evidence was conflicting, the amount paid for the performance of the work was admissible in evidence as bearing upon its value.

3. **Instructions—Argumentative.**

Argumentative instructions should not be given, but the fact that an instruction is argumentative, is not reversible error, where the instructions considered as a whole properly advised the jury as to the material issues in the case.

*Appeal from the District Court of Clear Creek County:*

*Hon. A. H. De France, Judge.*

Messrs. Bullis & Williams, for appellants.

Mr. E. M. Sabin and Mr. F. L. Collom, for appellees.

Mr. Justice Gunter delivered the opinion of the court.

This was an adverse suit involving as its material issue the value of assessment work done by appellants (defendants) for 1899.

The work consisted of two shafts, one upon each claim; the evidence as to its value was conflicting. A view was permitted, as provided by Mills' Ann. Code, sec. 188a. The assessment work was then in practically the same condition as when performed.

In the course of argument to the jury counsel for appellees, in effect, said, that the jury, having seen the work, could say whether it was of the value of $100.00. This statement was objected to by counsel for appellants upon the ground that the jury had no right to consider conditions as revealed by the view in determining the case.

It is unnecessary for us to discuss the question whether the knowledge thus obtained should be given the effect of substantive evidence, the authorities are as one that what the jurors see relevant to the issue to be decided by them is something to be considered by them in understanding, applying and weighing the evidence.—*Fleming v. Daly,* 12 Colo. App. 439, 449; *Medano Ditch Company v. Adams,* 29 Colo. 317, 321.

The language of counsel was not beyond this limit.

2. Testimony was received of the amount paid for doing the assessment work. The evidence was conflicting as to the value of this work. The amount paid for its performance was admissible as bearing upon its value.—*Quinby v. Boyd,* 8 Colo. 194, 208.

Further, the court guarded against possible prejudice by the admission of this evidence in charging that, in determining the value of the work done, the reasonable value thereof, and not the price paid therefor, should govern.

3. Instruction No. 4 is complained of as assuming the existence of an issuable fact and as being

argumentative. It is not subject to the first ground of objection, but it is argumentative, and for this reason should not have been given.—*Burnham v. Jackson*, 1 Colo. App. 237, 248.

"The purpose of the charge is to state and explain the law, not to carry on a process of general reasoning, and, therefore, the practice of injecting an argument into the instructions is considered a reprehensible one, and one which should not be encouraged, as it only tends to confuse the jury, protract the trial, and render more uncertain a fair and just disposition of the cause."—Ency. of Pl. and Pr., vol. 11, p. 142; Thompson on Trials, vol. 2, § 2301.

It is not contended that the instruction contains an incorrect proposition of law, or that it is objectionable otherwise than as above stated. Is the fact, then, that the instruction is argumentative sufficient in itself to justify our declaring its giving reversible error?

"The giving of argumentative instructions, it is believed, though manifestly improper, will not, in general, be ground for reversal if the instructions contain a correct proposition of law, and are otherwise unobjectionable.—Ency. of Pl. and Pr., vol. 11, p. 144.

It is our duty to consider the charge as a whole, and if we are satisfied that the jury was properly advised thereby as to the material issues in the case, the judgment should not be reversed on the ground of an error therein.—*McClelland et al. v. Burns*, 5 Colo. 390, 395; *The Little Dorrit Gold Mining Company v. The Arapahoe Gold Mining Company*, 30 Colo. 431, 438; *Porter v. The People*, 31 Colo. 508, 513.

As the law was clearly, fully and carefully given in the charge, considered as a whole, we are satisfied

that appellants' rights were not prejudicially affected by the vice complained of in instruction No. 4.

4. There was no prejudicial error in the giving or refusing of instructions, or in the exclusion of evidence.

Judgment affirmed.                    *Affirmed.*

The CHIEF JUSTICE and Mr. JUSTICE MAXWELL concurring.