[No. 5035.   Decided May 1, 1905.]

HERMAN STOLP *et al., Respondents,* v. THE TREASURY
GOLD MINING COMPANY, *Appellant.*[1]

MINES AND MINING—ADVERSE ACTION—EVIDENCE—PROOF OF CIT-
IZENSHIP—AFFIDAVITS PRIMA FACIE SUFFICIENT.  In an adverse
action to establish the right to a mining claim, the affidavit of
the plaintiffs is sufficient prima facie evidence of the citizenship
of the parties as therein alleged, under U. S. Rev. St. § 2321, and
in the absence of contradiction, a finding of citizenship is sus-
tained.

SAME—EVIDENCE OF ASSESSMENT WORK—SUFFICIENCY.  In an
adverse action to establish the right to a mining claim, there
is sufficient evidence to support a finding that the assessment
work for a certain year was done, where three witnesses for the
plaintiffs testified that the reasonable value of the work was
$100, and such evidence was not disputed, notwithstanding the
fact that one witness gave a miner's wages at a sum per day
that would not have equalled $100 for the days' work testified
to; since the reasonable value, and not the wages paid, is the
test.

SAME—SUFFICIENT WORK TO ENTITLE PLAINTIFFS TO PATENT—
EVIDENCE—IMMATERIALITY.  In an adverse action to determine the
right to a mining claim, plaintiffs are not required to make proof
that they had done the necessary work to entitle them to a
patent, since that must be shown before the department upon an
independent application, the object of the action being merely to
defeat the defendant's application for a patent by showing that
the plaintiffs were in, and entitled to, the possession.

Appeal from a judgment of the superior court for Fer-
ry county, Neal, J., entered May 11, 1903, upon findings
in favor of the plaintiffs, after a trial before the court
without a jury, in an adverse action to establish the right
to a mining claim.   Affirmed.

*E. C. Macdonald,* for appellant, contended, *inter alia,*
that it was necessary for the plaintiffs to show their right

[1]Reported in 80 Pac. 817.

to a patent, as against the government. Lindley, Mines (2d ed.), § 754; *Rosenthal v. Ives,* 2 Idaho 265, 12 Pac. 904; *Jackson v. Roby,* 109 U. S. 440, 3 Sup. Ct. 301; *Lee Doon v. Tesh,* 68 Cal. 43, 6 Pac. 97, 8 Pac. 621; *McGinnis v. Egbert,* 8 Colo. 41, 6 Pac. 652; *Schultz v. Allyn* (Ariz.), 48 Pac. 960; U. S. Rev. Stats., § 2326; *Iba v. Central Ass'n,* 5 Wyo. 355, 40 Pac. 527, 42 Pac. 20; *Anthony v. Jillson,* 83 Cal. 296, 23 Pac. 419; *Lalande v. McDonald,* 2 Idaho 307, 13 Pac. 347; 10 Rose's Notes, pp. 646, 1118; *Manning v. Strehlow,* 11 Colo. 451, 18 Pac. 625; *Gwillim v. Donnellan,* 115 U. S. 45, 5 Sup. Ct. 1110. And this includes proof of citizenship. *Burke v. McDonald,* 2 Idaho 646, 33 Pac. 49; *Rosenthal v. Ives, supra;* 9 Am. & Eng. Ency. Law (2d ed.), 738. Miners cannot arbitrarily fix a day's wages. *Penn v. Oldhauber,* 24 Mont. 287, 61 Pac. 649; Lindley, Mines (2d ed.), § 635; Snyder, Mines, § 492.

*James T. Johnson* and *G. V. Alexander,* for respondents.

MOUNT, C. J.—In April, 1896, Harry Kaufman and others located a mining claim in Ferry county, known as the "Treasury Lode Mining Claim." Thereafter the locators conveyed all their right, title, and interest in said mining claim to appellant, the Treasury Gold Mining Company. The required assessment work was done upon the claim for the years 1896-7-8-9. No assessment or other work was done upon the claim for the year 1900. On January 1, 1901, the respondents relocated the same ground under the name of the "Morning Lode Mining Claim." On the 25th day of January, 1901, the appellant filed an application in the United States land office at Spokane, for a patent to the said Treasury Lode Min-

ing claim, and on the 31st of the same month notice of such application was published as required by law. Thereafter and within the time required by the federal statute (U. S. Rev. Stats., § 2326), this adverse action was begun in the superior court of Ferry county, for the purpose of preventing appellant from obtaining a patent to the ground in controversy. Issues were joined upon the rights of the parties to the possession of the claim, and a trial was had before the court without a jury, findings were made in favor of the respondents, who were adverse claimants, and from a judgment in accordance with the findings, this appeal is prosecuted.

There is no disputed question of fact in the case. Appellant presents three points upon this appeal, as follows: (1) That it was not proven upon the trial that the respondents were citizens of the United States; (2) that it was not proven that respondents did the assessment work upon the Morning Lode claim for the year 1902; and (3) that it was not proven that respondents have performed the requisite work to entitle them to a patent or decree in their favor. We shall consider these questions in the order stated.

(1) Upon the trial the appellant made the following admission:

"So far as the defendant is concerned, we are willing to admit that the plaintiffs in this case now are, and were, at the time of the purported location, citizens of the United States; that if the ground was then vacant, unoccupied mineral land, a portion of the public domain of the United States, that the location was in all respects a valid one; this admission only so far as the defendant is concerned."

A certified copy of the notice of location of the Morning Lode, and an affidavit of the assessment work for the year 1902, were offered and received as evidence in the

case. These exhibits contain affidavits showing that each of the respondents is a citizen of the United States, and was such at the time of the location of the ground in dispute. No other evidence was offered upon the question of citizenship. Upon this evidence the court found as facts that the respondents "were each and all, on the 1st day of January, 1901, and ever since have been and now are, citizens of the United States over twenty-one years of age and qualified to locate mining claims, . . ."

Appellant contends upon this point, that this is a special proceeding, under the United States statutes, for the information of the land department of the government, and that the citizenship of the respondents must be proved, notwithstanding the admissions of the appellant. The case of *Rosenthal v. Ives,* 2 Idaho 265, 12 Pac. 904, is cited and relied upon. Conceding this position to be correct, the court below made a finding that the respondents were and are citizens. The question then is, was this finding based upon sufficient competent evidence? So far as appellant is concerned, it has admitted that the respondents are citizens and is bound by that admission. If the evidence is sufficient to satisfy the requirements of the land department, it ought to be held sufficient for the purposes of this case. The United States statute provides that "proof of citizenship under this chapter may consist in the case of an individual of his own affidavit thereof." U. S. Rev. Stats., § 2321. This provision is found in the chapter which provides for these adverse actions. In the case of *Hammer v. Garfield Min. Co.,* 130 U. S. 291, 9 Sup. Ct. 548, 32 L. Ed. 964, where the only proof in the record consisted of the notice of the location of the mining claim, which notice was verified by the affidavit of the locator in which the affiant stated that he was a citizen of the

United States, over the age of twenty-one years, which notice was in all respects like the notice of the location in this case, the supreme court of the United States said:

"It is therefore objected here that there is no evidence of the citizenship of the original locators, but the objection is not tenable. The oath of one of the locators, accompanying the recorded notice of the location, as to their citizenship , is prima facie evidence of the fact, and it will be deemed sufficient until doubt is thrown upon the accuracy of his statement."

See, also, *McKinley Min. Co. v. Alaska Min. Co.,* 183 U. S. 563, 22 Sup. Ct. 84, 46 L. Ed. 331; 1 Lindley, Mines (2d ed.), § 227. Under this rule the evidence in the record is sufficient to show prima facie that the respondents were and are citizens of the United States, and since there is no evidence to contradict or in any way cast a doubt upon the question of citizenship, the evidence received is sufficient to support the finding of fact.

(2)   The trial court found:

"That the plaintiffs caused to be performed the assessment work upon said Morning Lode Mining claim for the year 1902, which said work and labor was reasonably worth at least the sum of $100; that said assessment work, so done on said claim by plaintiffs for the year 1902, consisted of a tunnel twenty-two feet in width and six and one-half feet in height."

All three of the respondents testified that the tunnel was constructed as stated in the finding, and each testified that the reasonable value of the work done thereon was at least $100. No question is made as to the qualification of the witnesses to estimate the value of the work. One of them stated that the reasonable value of such work was $9 per foot, and one of the witnesses stated that the work was done in seven and one-half days, by the three

of them working together, and that the going wages for such work were $5 per day per man. This witness also said that miners' wages were $3.50 per day. Appellant argues from this last statement that the value of the work done did not amount to $100. The test for determining the value of the work done upon a mining claim is the reasonable value of the work—not what was paid for it, or what the contract price was. 2 Lindley, Mines (2d ed.), § 635, and cases cited. While the rate of wages and the cost of the work are strong elements in establishing value, these elements are not conclusive of the value of the work done. There was no evidence opposed to that offered by the respondents. The evidence in the record was sufficient, we think, to support the finding of the trial court upon this point.

(3) It is next contended that the proof does not show that the respondents have performed sufficient work to entitle them to a patent. As we understand the case, respondents do not now claim, and have not claimed, a right to a patent by reason of this adverse action. And, even if such claim were made, it would not avail the respondents anything. The object sought by this litigation is to defeat the application of appellants for a patent by showing that appellants are not in possession of the property, and are not entitled to possession thereof. The result of the trial, if successful, will defeat the claim of appellant to a patent. But further than that, there is no benefit to the respondents. The respondents must still do the required work, make an independent application, and conform to the United States statutes and rules of the land department before they may acquire a patent to their claim. *Clipper Min. Co. v. Eli Min. & Land Co.*, 194 U. S. 220, 24 Sup. Ct. 632, 48 L. Ed. 944. It was, therefore un-

necessary for the respondents to make the proof suggested by appellant.

We find no error in the record. The judgment appealed from is therefore affirmed.

DUNBAR, FULLERTON, and HADLEY, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.