McKIRAHAN, Appellant, v. GOLD KING MINING 'COM-
PANY, Respondent.

(165 N. W. 542.)

(File No. 4170.   Opinion filed December 13, 1917.)

1. **Mines and Mining—Re-location—Assessment Work, Value, Mode.
   of Computing—Actual Value—Rule.**

   In a suit to quiet title to a group of unpatented mining
   .claims, plaintiff, seeking to re-locate the claims, and contending
   that defendant had failed to perform the amount of assessment
   work required by U. S. Comp. Stat. 1916, Sec. 4620 (Sec. 2324,
   Rev. Stat. U. S. 1878) for a certain year, held, that evidence of
   the number of men employed in doing the work, length of time
   of employment, wages received, and amount and cost of mater-
   ial, etc., was not the correct method of computing the value of
   such assessment work; the true test being the actual value of
   the improvement to the mine.

2. **Same—Assessment Work—Value of, Cost of Labor, Material,
   Competency, Conclusiveness.**

   Evidence of the cost of labor, material, etc., performed and
   furnished in course of assessment work under a mining claim,
   while competent as tending to show good faith of the party
   making the expenditure, is not conclusive upon question of
   value of such improvement.

3. **Same—Assessment Work, Apportionment of Among Claims,
   Among Groups—Rule.**

   In determining whether the value of assessment work done
   upon mining claims is sufficient to equal the $100 required by
   the federal statute in a given year; it appearing that defendant
   claimant owned two groups of claims, one of which joined the
   other group, held, that it does not follow as a matter of law
   from the fact that the groups are adjacent, that work per-
   formed on any one claim must be equally apportioned to all
   adjoining claims; since the owner might do $100 worth of
   work on one claim and hold that particular claim and forfeit
   all others, or do enough work on one claim to hold two claims
   and forfeit the others, and might designate the particular
   claim he intended to hold.

4. **Same—Assessment Work, Forfeiture For Non-performance—Ap-
   portionment Between Claims—Resumption of Work Re One
   Claim, Effect Re Apportionment.**

   Even though the rule that assessment work performed on one
   mining claim must be equally apportioned to all adjoining
   claims, were adopted, this would not avail an adverse claimant,
   where evidence shows original owner had men working on one
   group of the claims during the early part of a given year;
   · since this, upon the theory of apportionment of work, would

amount to a resumption of work for that year and protect all claims from forfeiture during remainder of that year.

5.   New Trials—Abuse of Discretion—Non-service of Proposed Find-ings, Upon Opposite Party—Amendment of Findings, On New Trial, Curative Effect.

Although respondent's counsel failed to follow trial court's direction that service of proposed findings be made upon opposite counsel, that they might if desired submit counter findings, such irregularity is cured where, upon motion for new trial, the findings were amended **nunc pro tunc**, making them as they would have been had such previous submission of findings been made; and no prejudice resulted from said omission.

6.   New Trials—Newly Discovered Evidence—Mining Assessment Work, Shaft, Size and Depth of—Evidence—Whether Newly Discovered.

In a suit to quiet title by one of two mining claimants as against the other, evidence that appellant went upon the claim and found that the shaft sunk by respondent was smaller and less deep than as respondent's witnesses had testified, and consequently not so valuable, was not newly discovered evidence; appellant having had access to and having been upon the ground before the trial for the purpose of ascertaining the facts involved; appellant's only reason for not having measured the shaft in question before the trial being that the approach was fastened and that there was water at the bottom of the shaft, he not having asked permission to enter and measure it before the trial.

Whiting, J., dissenting.

Appeal from Circuit Court, Pennington County. Hon. LEVI McGEE, Judge.

Action by Anderson McKirahan, against the Gold King Mining Company, a corporation, to quiet title to a group of unpatented mining claims. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Schrader & Lewis,* for Appellant.

*Buell & Denu,* for Respondent.

(1) To point one of the opinion, Appellant cited: Lindley, Sec. 635 (3rd ed.) pp. 1578-1579, and cases cited; Costigan Mining Law, Sec. 82, pp. 282-283.

Respondent cited: Anderson v. Robinson (Ore.) 27 Pac. 988; Stolp v. Treasury Gold Mining Co. (Wash.) 80 Pac. 817; Lindley on Mines (2d ed.) 635, and cases cited.

(3) To point three of the opinion, Appellant cited: Duncan v. Eagle Rock G. M. Co., 48 Colo. 569, 111 Pac. 588; In re Carretto, 35 L. D. 361; In re Dawson, 40 L. D. 17; Axiom Mining Co. v. White, 10 S. D. 198; Lindley on Mines (3d ed.) Subd. 3, 630, p. 1553, note 10, and cases cited; Upton v. Santa Rita M. Co. (N. M.) 89 Pac. 275-294; Lindley on Mines (3d ed.) Subd. 630, pp. 1551-1552, 1553, and note; Payne v. Mattes, 34 Colo. 345, 83 Pac. 127; Big Three M. Co. v. Hamilton, 157 Cal. 130, 107 Pac. 301; Chambers v. Harrington, 111 U. S. 350, 28 L. Ed. 452.

Respondent cited: Act of Congress May 10, 1872, Chap. 152, 17 Stat. at L. 90, Rev. Stat. 2324; Axiom Min. Co. v. White, 10 S. D. 199, 72 N. W. 462; Chambers v. Harrington, 111 U. S. 353; Jackson v. Roby, 109 U. S. 444; Power v. Sla, 24 Mont. 243; Altuna Quicksilver Min. Co. v. Integard Quicksilver Min. Co., 114 Cal. 100, 45 Pac. 1047.

POLLEY, J.   This action was brought to quiet title to a group of six unpatented mining claims, known as the Gordelia group of claims, and situated in Pennington county. During the year 1914, and for some time prior thereto, respondent was in possession of said mining ground, claiming to be the owner thereof. In 1915, appellant, claiming that the assessment work required by section 4620, U. S. Comp. Stat. 1916 (section 2324, Rev. Stat. U. S. 1878, had not been done for the year 1914, went upon and attempted to relocate said mining ground under the names of the Giant No. 1, 2, 3, and 4 lodes. He thereupon brought this action against the respondent to quiet the title to the said Giant claims in himself. The cause was tried without a jury, and at the termination of the trial the court found as a fact that the said Gordelia group or claims were valid subsisting mining locations, that defendant is the owner thereof, that a sufficient amount of assessment work had been performed thereon during the year 1914, and that the attempted relocation of said ground by the appellant was null and void. Decree was entered accordingly, and from said decree, and an order overruling his motion for a new trial, plaintiff appeals.

Appellant's motion for a new trial is based upon three grounds: First, insufficiency of the evidence to show performance of the assessment work for the year 1914; second, irregu-

larity and abuse of discretion upon the part of the trial court in making and filing its decision and decree; and, third, newly discovered evidence.

[1, 2] The evidence on the part of respondent relative to the assessment work of 1914 tends to show that said work was performed in a shaft situated on one of the Gordelia claims, that said shaft was about 7x10 feet in size, that the word consisted in sinking said shaft 20 feet, and that the sinking thereof was worth $35 to $60 per foot. On the other hand, the testimony on behalf of appellant was to the effect that said work was not worth more than $15 to $25 per foot. Upon this evidence the trial court found the reasonable value of said work to be $35 per foot, aggregating $700 worth of work for the six claims. This finding of fact by the trial court, based upon conflicting evidence, as it is, will not be disturbed by this court, unless it appears that said finding is clearly against the weight of the evidence.

To show that the work was not worth as much as it was found to be by the court, appellant introduced evidence showing the number of men that had been employed to do said work, the length of time they were engaged, the amount of wages they received, and the amount and cost of material, etc.; that was used. By adopting this method of computing value, appellant showed that the work performed by respondent did not amount to more than $77.11 per claim for the year 1914. But this is not the correct method of computing the value of assessment work on a mining claim. The true test is the actual value of the improvement to the mine. Evidence of the cost of labor, material, etc., is competent as tending to show the good faith of the party making the expenditure, but it is not conclusive upon the question of the value of such improvement. Stolp v. Treasury Gold Min. Co., 38 Wash. 619, 80 Pac. 817; Lindley on Mines (3d. Ed.) § 635; McCormick v. Parriott et al., 33 Colo. 382, 80 Pac. 1044.

[3, 4] But it is contended by appellant that, conceding the above method of computing the value of assessment work is correct, the evidence does not show the work to be sufficient, for the reason that respondent owned other adjoining claims upon which said assessment work must be apportioned, and that, when so apportioned, said work, at the value placed thereon by the

court, did not equal $100 for each of the said claims. It appears, from the evidence that respondent owns two groups of claims—one known as the Gordelia, and the other as the Standard, group. The Gordelia group consists of a compact tract of ground 1,500 feet in width by 3,000 feet in length. Two of the Standard claims adjoin the Gordelia group on the east, but it does not follow as a matter of law from such fact that work performed on any one claim must be equally apportioned to all adjoining claims. A party owning six or more adjoining claims might do $100 worth of work on any one of said claims and hold that particular claim and forfeit all the others, or he might do enough work on one claim to hold two claims and forfeit the others, and he might designate the particular claims he intended to hold. That is what respondent did in this case. But if we were to hold with appellant that work performed on any one of respondent's mining claims must be equally apportioned to all the adjoining claims it would avail appellant nothing, because it appears from the evidence that respondent had two men working on one of the Standard claims during the first 17 days of January, 1915. This, under appellant's theory, would amount to a resumption of work for that year, and protect all the claims from forfeiture during the remainder of that year.

[5] The irregularity and abuse of discretion complained of by appellant occurred as follows: At the close of the trial the court directed respondent's counsel to prepare findings of fact and conclusions of law and serve the same on counsel for appellant, in order that they might, if they desired, prepare and submit counter findings and conclusions. Counsel for defendants failed to serve their draft of findings on appellant's counsel, and the same were signed and filed by the court, and decree entered without having been submitted to appellant's counsel. This fact was brought to the attention of the court, and, on motion for a new trial, it appearing to the court that certain omissions had been made in the findings and decree, the court thereupon amended the findings and entered an amended decree *nunc pro tunc,* so that the findings and decree were in all respects as they would have been, had the findings of fact and conclusions of law been submitted to appellant's counsel in the first instance. This cured any irregularity there may have been in the proceedings,

and appellant was in no wise prejudiced thereby. In fact, appellant does not suggest that he has been in any way prejudiced by the alleged irregularity.

[6] As newly discovered evidence, appellant showed by the affidavits of several parties that, after the trial, they went upon the ground in dispute, and measured the work that had been performed thereon by respondent for the year 1914, and found that the shaft that was sunk by respondent was neither so large nor so deep as respondent's witnesses said it was, and consequently not so valuable as said witnesses had claimed it to be. The fact set out in said affidavits would have been competent evidence at the trial, but no sufficient reason is shown why said facts could not have been as easily ascertained before the trial as after. Appellant had access to the ground before the trial, and it appears from the evidence that both he and his counsel were on the ground before the trial for the very purpose of ascertaining the facts involved. Appellant based all the rights he claimed in the disputed ground upon the single fact that respondent had not performed the required amount of assessment work for the year 1914. In fact, the amount and value of this assessment work is the only material issue that is presented by the pleadings, and it was incumbent upon appellant, who is the plaintiff, and who had the burden of showing that the assessment work for 1914 had not been done, to exercise all reasonable diligence to ascertain the amount and value of the work that had been done during that year. The only reason given by appellant for not having measured said shaft before the trial is that the approach to the shaft was fastened and that there was water in the bottom of the shaft. He does not claim, however, that he ever asked permission from respondent to enter said shaft and measure it, or that respondent would have refused said permission if it had been asked, nor in fact that he ever thought of making such measurement until after the case had been tried and decided against him. The showing made for a new trial on the ground of newly discovered evidence is clearly insufficient.

Finding no prejudicial error in the record, the judgment and order appealed from are affirmed.

WHITING, J. (dissenting). I am unable to agree with the majority opinion. I do not believe the evidence received upon

the trial was sufficient to show that defendant did the amount of work that the law required. Upon the application for a new trial, which application was based upon newly discovered evidence, not only did appellant show that the shaft sunk was materially smaller in every dimension than as testified to by respondent's witnesses upon the trial; but that fact was admitted in the answering affidavits submitted by respondent thus disclosing, as an absolute verity, that respondent failed to comply with the law. Respondent cannot be heard to say that appellant should have anticipated that its witnesses might commit perjury and testify falsely in relation to such dimensions—a fact of absolute mathematical certainty—and that therefore appellant should have measured such shaft prior to the trial. Appellant had a right to rely upon the presumption that respondent's witnesses would testify truthfully in relation to the size of the shaft—a fact not open to honest dispute, and of which it had within its sole control the means of absolutely correct knowledge. The rules of law guiding courts are not based upon a presumption that witnesses will perjure themselves, but rather upon the presumption that they will swear to what they honestly believe to be the truth. Moreover, it is not true that appellant had free access to the shaft prior to the trial. Such shaft was in the possession of respondent, and could only be reached by way of a building controlled by respondent.