THE WHITNEY LOAN & TRUST COMPANY, Appellant,
v. BROWN et al, Respondents.

(172 N. W. 875).

(File No. 4482.    Opinion filed June 17, 1919).

1.  Mortgages — Mortgage of Fractional Interest — Foreclosure — Fraudulent Alteration After Execution—Evidence—Sufficiency.
    Where a mortgage was drawn at a bank in presence of bank president, O, the mortgagee, one of the mortgagors, B, and his brother, and a bank clerk who wrote out the mortgage; B and his brother testifying that the words "an undivided one-fourth interest in" were in the description when mortgage was prepared and taken from the bank by B, all defendants testifying said words were therein when they executed and returned it to the bank; O and the mortgagee testifying that said words had been erased from the mortgage before it was taken from the bank; the clerk not having been called as a witness; evidence further showing that at time mortgage was drawn said clerk also prepared a deed conveying to mortgagors an undivided one-fourth interest in said land; that the mortgage was

given as security for part payment of said one-fourth interest; mortgagors testifying they did not intend or agree to mortgage any other interest therein; **held**, that a finding that mortgagors executed a mortgage on an undivided one-fourth interest in the land, but that, after its execution and delivery and without knowledge or ·consent of mortgagors it was intentionally and fraudulently altered so that it purported to be a mortgage upon the whole of said land, while in mortgagee's ·possession or that of his agent, was sustained by the evidence, and, the evidence being so conflicting and of so positive a· nature, it ·will not be disturbed on appeal.

2. **New Trials—Newly Discovered Evidence—Granting Of, Judicial Discretion, Abuse of—Rule.**

Granting of new trial upon ground of newly-discovered evidence, is a matter so largely vested in trial court's discretion that granting or refusing of on that ground will not be disturbed by Supreme Court, unless it clearly appears trial court has abused discretion.

3. **New Trials—Newly-discovered Evidence—Fraudulent Alteration of Mortgage—Schrivlner, Disremembering Transaction re Trial, Affidavit of re Alteration.**

Where, in a suit involving the alteration of a realty mortgage, after· its execution, new trial was sought by mortgagee on ground of newly-discovered evidence, the motion being based upon the affidavit of the scrivener who drew the mortgage, but who, upon being applied to by mortgagee's counsel sometime prior to the foreclosure trial, told him she did not recall the transaction, that she had drawn so many instruments she could not remember the detail regarding said mortgage, which was then shown to her, one of defendant mortgagors having also call upon her prior to trial, she having told him substantially the same, she not having been called to testify upon the trial; and after judgment entered, she having been shown the mortgage, and also the deed she drew conveying an undivided interest in the realty to the mortgagors, she was interviewed by O, president of the bank, at which the instrument was drawn, whereupon she made the affidavit upon which motion for new trial was based, stating that after talking with O and after inspecting the deed and mortgage together, the circumstances connected therewith had· come to mind that she now recalled that the description O gave her of the realty to be inserted in the mortgage was that now appearing therein; **held**, that mortgagee and counsel were not guilty of lack of diligence in failing to have witness present at trial; yet it does not follow that a new trial should be granted; trial court's opportunity to weigh and consider said affidavit in connection with the evidence on trial 'being the same it would have been

had affiant testified on trial, therefore, had that court been of opinion that a different result would follow a second trial, with said witness' testimony in the record, its duty would have been to have granted a new trial, and it will be presumed such motion would have been granted; while if of opinion that the result of a second trial would be the same as the first, its duty would have been to deny the motion, and that court's denial of the motion raises presumption that the latter was that court's opinion; and there was not such abuse of discretion as would warrant reversing the order appealed from; especially where trial was to court instead of jury.

Appeal from Circuit Court, Minnehaha County. Hon. Joseph W. Jones, Judge.

Action by The Whitney Loan & Trust Company, a corporation, against Clive F. Brown and others, to foreclose a realty mortgage. From a judgment dismissing the action upon findings that the mortgage was void for fraudulent material alteration thereof after execution, and from an order denying a new trial upon ground of newly-discovered evidence, plaintiff appeals. Affirmed.

*Ira F. Blewitt,* for Appellant.

*Aikens & Judge,* for Respondents.

(2) To point two of the opinion, Respondents cited:

Scheffer, et al, v. Corson, et al, 5 S. D. 233.

POLLEY, J. This action was brought to foreclose a mortgage on 200 acres of land in Minnehaha county. The execution of the mortgage and the indebtedness the mortgage was given to secure are admitted, but the defendants claim that there was a material alteration made in the mortgage after its execution and without the knowledge or consent of the mortgagors, and that, therefore, the mortgage was wholly void, and they ask judgment dismissing the action.

The mortgage, as it appeared at the commencement of the action, purported to be a mortgage on the whole of the 200 acres of land described therein, while defendants claim that, when the mortgage was executed, it purported to be a mortgage on only an undivided one-fourth interest in said land. Upon this issue the trial court found that, at the time of the execution of the note that was to be secured by the mortgage, the defendants agreed to execute and deliver to the payee of the note a mort-

7—Vol. 42, S. D.

gage on an undivided one-fourth interest in the land in question, and that, pursuant to said agreement, they did execute a mortgage on an undivided one-fourth interest in the land, but that, after the mortgage was executed and delivered to the mortgagee, and without the knowledge or consent of the defendants, or any of them, it was intentionally, fraudulently, and materially altered while in the possession and under the control of the mortgagee or his duly authorized agent, by striking out of the description of the mortgaged premises in said mortgage the words "an undivided one-fourth interest in," and that, by said alteration, said mortgage was intentionally fraudulently, and materially so changed as to make it purport to be a mortgage upon the whole of said land; and that said mortgage, as received in evidence, bears upon its fact evidence of such alteration, and of an intent and design to conceal the fact of the making of said alteration. Pursuant to this finding, judgment was entered canceling and discharging said mortgage and directing that it be canceled and discharged of record. Plaintiff moved for a new trial upon the ground of newly discovered evidence and the insufficiency of the evidence to sustain the findings of fact; and, from an order overruling such motion, it appeals to this court.

[1] The question of the sufficiency of the evidence needs only passing notice. The mortgage was drawn in the First National Bank of Madison. It was not executed at the time it was drawn, but was taken from the bank by Clive Brown, one of the mortgagors, and afterwards executed and acknowledged by all of the mortgagors at Hartford. There were present in the bank at the time the mortgage was drawn C. E. Olstad, president of the bank; E. M. Bourne, the mortgagee; Clive Brown, one of the mortgagors; Clive Brown's brother, Paul Brown; and Mabel Nelson, a bank clerk who wrote out the mortgage. The defendant Clive Brown and his brother, Paul Brown, testified that the words "an undivided one-fourth interest in" were in the description of the mortgage when it was prepared and when it was taken from the bank; and all of the defendants testified that said words were in the mortgage when they executed and returned it to the bank. Mr. Olstad and the mortgagee (Bourne) testified that the words "an undivided one-fourth interest in" had been erased from the mortgage before it was taken from

the bank by Clive Brown.  Mabel Nelson was not called as a witness.  That the words "an undivided one-fourth interest in" had been written in the mortgage at the time it was drawn and afterwards erased by some one is conceded by all parties concerned.  At the time the mortgage was drawn, there was also prepared by the said Mabel Nelson a deed, conveying to the mortgagors an undivided one-fourth interest in the land described in the mortgage.  It is a fact that the mortgage was given as security for the payment, or part payment, of this undivided one-fourth interest, and the mortgagors testified that it was not their intention, nor agreement, to mortgage any other interest in the land than that that had been conveyed to them by this deed; that they did not intend to mortgage the other three-fourths interest in the land; and that they would not have executed the mortgage in question had it been for more than an undivided one-fourth interest.  Upon this testimony it cannot be said that the finding of fact above set out is not supported by the evidence, and certainly such finding is not against the preponderance of the evidence.  A finding of fact by the trial court based upon evidence so conflicting and of so positive a nature will not be disturbed by this court on the ground that such finding is not supported by the evidence.

[2]  The matter now urged by appellant as constituting newly discovered evidence is set forth in an affidavit made by the said Mabel Nelson.  In this affidavit she states that she recollects the occasion of drawing the mortgage, and that she made the change therein at the time the mortgage was written; that the change was made at the instance of the parties concerned, and was made before the mortgage was executed.  If this is true, it completely disposes of the defense; and, if her absence from the trial is sufficiently excused, it is sufficient ground for a new trial.  But the granting of a new trial upon the ground of newly discovered evidence is a matter that is so largely vested in the discretion of the trial court that the granting or refusal of a new trial on that ground will not be disturbed by this court, unless it clearly appears that the trial court has abused this discretion.

[3]  At and for some time prior to the trial, Mabel Nelson was employed in a bank at Mitchell.  Some time prior to the

trial, counsel for appellant called on her at Mitchell for the purpose of ascertaining whether she remembered the occasion of drawing the mortgage in question, and if she remembered the erasure therein. She told counsel at that time that she did not recall the transaction; that she knew she had been employed by the bank, but that she had drawn so many instruments that she could not remember the details attendant upon the drawing of this mortgage. The mortgage itself was shown to her at that time, but she stated that she could not remember the circumstances attendant upon the drawing of it, and could not recall whether she had made any alterations therein. One of the defendants also called on this lady prior to the trial, to find out what, if anything, she remembered about the erasure in the martgage. She told him the same, in substance, as she told counsel for plaintiff. The result was that, while both parties knew where she was at the time of the trial, and while her attendance at the trial could have been procured or her deposition taken, neither party called for nor took her testimony. After the case was tried and judgment entered, she made a visit to the First National Bank of Madison, where she was shown the mortgage in question, and also the deed that was drawn by her at the time the mortgage was drawn and where she was interviewed by Mr. Olstad. After such interview, and after comparing said mortgage and deed, she made the affidavit on which the new trial is asked. In this affidavit she states that, after talking with Mr. Olstad, and after seeing the deed and the mortgage and inspecting them together, "the circumstances connected with the drawing of said mortgage and deed comes back to her mind and she now recollects that the description Mr. Olstad gave her of the real estate to be inserted in the mortgage in question is the description as it now appears in the mortgage."

In view of the above circumstances, it cannot be said that appellant or its counsel was guilty of any lack of diligence in failing to have this witness present at the trial. After having told both parties that she had no recollection of the matters involved, it would have been folly to have subpoenaed her and put her upon the witness stand. Had she been present at the trial and testified to the matters stated in the affidavit, her testimony might have led the court to a different conclusion; but it does not neces-

sarily follow that a new trial should be granted.  The trial court
had the same right to weigh and consider the testimony of this
witness, as set out in her affidavit, in connection with all the
evidence that was adduced at the trial, that it would have had
had she been present and testified; and, had the court been of
the opinion that a different result would follow a second trial,
with the testimony of this witness in the record, then it would
have been the duty of the trial court to have granted a new trial,
and it will be presumed that the motion would have been grant-
ed.  But the trial court had the same right to take into consid-
eration the memory and veracity of this witness and the circum-
stances surrounding the making of her affidavit on the motion for
a new trial that it would have had if she had testified on the
stand; and, if, after weighing her testimony and considering her
memory and veracity as well as all the surrounding circum-
stances, the court was of the opinion that the result of a second
trial would be the same as the first, it was the duty of the court
to deny the motion.  And, from the fact that the motion was
denied, it will be presumed that the trial court was of the opinion
that the result of a second trial would have been the same as
the result of the first.  The trial court was undoubtedly of the
opinion that the recollection of this witness was too fickle to en-
title her testimony to much weight.  Under all the circumstances
in this case, we do not feel that there was such an abuse of dis-
cretion on the part of the trial court as would warrant us in re-
versing the order appealed from.  This matter was considered at
great length in one of the earliest decisions of this court: Gaines
v. White, 1 S. D. 434, 47 N. W. 524.  In that case it is said:

· "If a defeated litigant could obtain a second trial upon the
ground of newly discovered evidence without a strong, clear, and
satisfactory showing of diligence, of the materiality of the evi-
dence, and of the probability that it would change the result,
there would be a temptation to great wrongs, and such a pro-
cedure would lead to grave abuses.  Applications based upon these
grounds are looked upon with much disfavor and entertained
with great reluctance."

And, quoting from Moore v. Bank, 5 Serg. & R. (Pa.) 41,
the court further said:

"Motions of this kind ought to be received with great cau-

tion, because there are few cases tried in which something new may not be hunted up, and because it tends very much to the introduction of perjury to admit new evidence after the party who has lost the verdict has had an opportunity of discovering the points both of his adversary's strength and his own weakness."

And, again, quoting from Baker v. Joseph, 16 Cal. 173, this court said:

"Applications for this cause are regarded with distrust and disfavor. The temptations are so strong to make a favorable showing, after a defeat in an angry and bitter controversy involving considerable interests, and the circumstance that testimony has just been discovered, when it is too late to introduce it, so suspicious, that courts require the very strictest showing to be made of diligence and all other facts necessary to give effect to the claim."

The rule as above announced has been strictly adhered to throughout a long line of decisions by this court. Gaines v. White (on rehearing) 2 S. D. 410, 50 N. W. 901; Scheffer et al. v. Corson et al., 5 S. D. 233, 58 N. W. 555; Axion Min. Co. v. White, 10 S. D. 198, 72 N. W. 462; Wilson v. Seaman, 15 S. D. 103, 87 N. W. 577; State v. Southmayd, 37 S. D. 375, 158 N. W. 404; McKirahan v. Gold King Min. Co., 39 S. D. 535, 165 N. W. 542.

The above rule would not necessarily apply with the same force if the case were triable to a jury, because the jury would then be the judge of the credibility of the witnesses; and a jury that heard the testimony of Mabel Nelson might very well reach a conclusion different from that arrived at by a jury that did not hear such testimony.

There was no error in denying the motion for a new trial, and the judgment and order appealed from are affirmed; but nothing said in this opinion is intended to affect defendants' liability on the note secured by the mortgage.