**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 35789**

| | | |
|---|---|---|
| SHANE MCKAY, | ) | Boise, December 2009 Term |
| | ) | |
| Petitioner/Appellant, | ) | 2010 Opinion No. 9 |
| v. | ) | |
| | ) | Filed: January 29, 2010 |
| STATE OF IDAHO, | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| Respondent/Respondent. | ) | |
| | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District of the State of Idaho, Canyon County. Hon. Renae J. Hoff, District Judge.

The district court's dismissal of the application for post conviction relief is <u>vacated</u> and the case is <u>remanded</u> for further proceedings.

Nevin, Benjamin & McKay, LLP, Boise, for appellants. Dennis Benjamin argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Jessica Lorello argued.

_____

W. JONES, Justice

## I. NATURE OF THE CASE

Shane McKay, the appellant, was convicted of vehicular manslaughter for striking and killing a motorcyclist while driving under the influence of alcohol. At trial, the jury instructions omitted an element requiring the state to prove that McKay's intoxication was a significant cause of the death. McKay seeks review of the district court's summary dismissal of his application for post-conviction relief. He alleges ineffective assistance of both trial and appellate counsel for failing to raise the omitted-element instructional issue.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Around midnight on the morning of October 5, 2003, McKay allegedly swerved in and out of his lane while driving his car through Nampa, Idaho, striking a motorcycle from behind and killing the driver, Ted Cox. A blood test later revealed that McKay had a blood-alcohol content (BAC) of 0.15.

1

McKay's defense at trial was that Cox was driving unnecessarily slowly and his brake light was not visible, and therefore that McKay would not have seen the motorcycle in the darkness regardless of whether he was driving while intoxicated. McKay was charged with vehicular manslaughter while driving under the influence of alcohol, which is defined as a death "in which the operation of a motor vehicle is a significant cause contributing to the death because of" the defendant's operation of a vehicle while intoxicated. I.C. § 18-4006(3)(b). The court instructed the jury that, to convict, it only needed to find that McKay was driving while intoxicated and that the "operation of the motor vehicle caused the death of Ted Cox." McKay's trial counsel did not object to the instructions, and McKay was found guilty. On appeal, he only asserted an excessive-sentence claim and challenged the court's denial of his Rule 35 motion to reduce his sentence. *State v. McKay*, No. 31652 (Idaho Ct. App. Nov. 22, 2006) (unpublished). The Court of Appeals affirmed. *Id.*

McKay then filed this application for post-conviction relief, asserting (1) ineffective assistance of trial counsel for failing to object to the jury instructions; and (2) ineffective assistance of appellate counsel for failing to raise the instructional issue as fundamental error. The district court granted the State's motion for summary dismissal, reasoning that the instructions "benefited" McKay by requiring the State to prove that he was the "cause" of Cox's death, rather than merely "a significant cause." The Court of Appeals reversed the summary dismissal of McKay's claim for ineffective assistance of trial counsel, but upheld the dismissal of his appellate-counsel claim. In its petition for review, the State contends that the jury instructions accurately reflected the offense of vehicular manslaughter and that, even if erroneous, McKay was not prejudiced when trial counsel failed to object. McKay argues that both his trial counsel and appellate counsel were ineffective because the State was not required to prove that his state of intoxication was linked to Cox's death and because the jury instructions stated that the operation of the vehicle had to "cause" the death rather than be a "significant cause."

### III. ISSUES ON APPEAL

1. Whether the district court properly dismissed McKay's claim for ineffective assistance of trial counsel.

2. Whether the district court properly dismissed McKay's claim for ineffective assistance of appellate counsel.

## IV. STANDARD OF REVIEW

When considering a petition for review, "'this Court gives serious consideration to the views of the Court of Appeals, but directly reviews the decision of the lower court.'" *State v. Purdum*, 147 Idaho 206, ---, 207 P.3d 182, 183 (2009) (quoting *State v. Oliver*, 144 Idaho 722, 724, 170 P.3d 387, 389 (2007)). Applications for post-conviction relief under the UPCPA initiate civil proceedings in which, like a civil plaintiff, the applicant must prove his or her allegations by a preponderance of evidence. *Hauschulz v. State*, 144 Idaho 834, 838, 172 P.3d 1109, 1113 (2007); I.C.R. 57(c). The district court may grant the State's motion for summary dismissal of a petition for post-conviction relief when the applicant's evidence raises no genuine issue of material fact. I.C. § 19-4906(c). "Allegations contained in the application are insufficient for the granting of relief when (1) they are clearly disproved by the record of the original proceedings, or (2) do not justify relief as a matter of law." *Workman v. State*, 144 Idaho 518, 523, 164 P.3d 798, 803 (2007). If the record conclusively disproves an essential element of a post-conviction claim, summary dismissal is appropriate. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990). "[W]here the evidentiary facts are not disputed and the trial court rather than a jury will be the trier of fact, summary judgment is appropriate, despite the possibility of conflicting inferences because the court alone will be responsible for resolving the conflict between those inferences." *State v. Yakovac*, 145 Idaho 437, 444, 180 P.3d 476, 483 (2008) (quotation omitted).

Jury instructions are freely reviewed as an issue of law. *Clark v. Klein*, 137 Idaho 154, 156, 45 P.3d 810, 812 (2002).

## V. ANALYSIS

### The District Court Erred when it Summarily Dismissed McKay's Claim of Ineffective Assistance of Trial Counsel

"The right to counsel in criminal actions brought by the state [sic] of Idaho is guaranteed by the Sixth Amendment to the United States Constitution and Article 1, Section 13 of the Idaho State Constitution." *State v. Tucker*, 97 Idaho 4, 7, 539 P.2d 556, 559 (1975). To warrant reversal on grounds of ineffective assistance of counsel, a criminal defendant must first show that counsel's performance was objectively deficient and, second, that the deficiency prejudiced the defendant's case. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064

(1984).[1]  Under the first prong of the *Strickland* analysis, "the defendant bears the burden of proof in showing that 'counsel's performance fell below an objective standard of reasonableness.'"  *Aragon v. State*, 114 Idaho 758, 762, 760 P.2d 1174, 1178 (1988) (emphasis omitted) (quoting *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2064).  The appellate court presumes that trial counsel was competent "and that trial tactics were based on sound legal strategy."  *State v. Porter*, 130 Idaho 772, 792, 948 P.2d 127, 147 (1997).  Trial counsel's tactical decisions cannot justify relief "unless the decision is shown to have resulted from inadequate preparation, ignorance of the relevant law or other shortcomings capable of objective review."  *State v. Payne*, 146 Idaho 548, 561, 199 P.3d 123, 136 (2008).  Under the second prong, the defendant must show a reasonable probability that the outcome of trial would be different but for counsel's deficient performance.  *State v. Row*, 131 Idaho 303, 312, 955 P.2d 1082, 1091 (1998).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

The district court's instructions erroneously omitted the essential causation element of vehicular manslaughter.  "The question is whether the instructions as a whole, and not individually, fairly and accurately reflect the applicable law."  *State v. Page*, 135 Idaho 214, 221, 16 P.3d 890, 897 (2000).  "Ordinarily the language employed by the legislature in defining a crime is deemed to be best suited for that purpose . . . ."  *State v. Zichko*, 129 Idaho 259, 264, 923 P.2d 966, 971 (1996).  The relevant portion of the statute reads:

> Manslaughter is the unlawful killing of a human being including, but not limited to, a human embryo or fetus, without malice.  It is of three (3) kinds:
> . . . .
>     3. Vehicular — in which the operation of a motor vehicle is a *significant cause contributing to the death because of*:
>     (a) the commission of an unlawful act, not amounting to a felony, with gross negligence; or
>     (b) the commission of a violation of section 18-8004 or 18-8006, Idaho Code; or
>     (c) the commission of an unlawful act, not amounting to a felony, without gross negligence.

---

[1] Even though McKay does not seem to identify in his briefing and application whether he brings his claim under the State or Federal Constitutions, or both, the same two-part analysis applies to claims under both the Idaho and the U.S. Constitutions.  *State v. Mathews*, 133 Idaho 300, 306, 986 P.2d 323, 329 (1999); *see also State v. Yakovac*, 145 Idaho 437, 445, 180 P.3d 476, 483 (2008) (stating that *Strickland* applies in ineffective-assistance cases).

I.C. § 18-4006 (emphasis added). McKay was charged under subparagraph (3)(b). The applicable Idaho Criminal Jury Instructions (I.C.J.I.) require the State to prove that McKay was driving under the influence and that "the defendant's operation of the motor vehicle *in such unlawful manner* was a *significant cause* contributing to the death." I.C.J.I. 709.[2] The district court, however, instructed the jury that it could convict McKay for driving "while under the influence of alcohol or while having an alcohol concentration of 0.08 or more," if "the defendant's operation of the motor vehicle caused the death of Ted Cox."[3]

There are two deficiencies in the district court's instructions. First, the elements instruction omitted the statutory language requiring the defendant's intoxicated driving to be a "significant" cause of the death, rather than simply the cause or a cause. Second, the instruction omitted the I.C.J.I.'s phrase "in such unlawful manner," thereby not requiring the State to prove that McKay's culpable conduct in driving under the influence contributed to the death. By failing to account for the phrase "because of" in the statute, the district court's jury instructions ignored the required link between the death and the cause of the death, in this case, the defendant's operation of a motor vehicle under the influence of alcohol, rendering subparagraphs (a)–(c) meaningless.

McKay has therefore established a prima facie case under the first prong of *Strickland* by showing that his trial counsel failed to object to the jury instructions. It is well established that it is a violation of the Due Process Clause and the right to a jury trial for the defendant to be convicted on instructions that omit an element of the crime. *E.g. United States v. Gaudin*, 515 U.S. 506, 509–11, 115 S. Ct. 2310, 2313–14 (1995); *Osborne v. Ohio*, 495 U.S. 103, 122 n.17,

---

[2] The I.C.J.I. are presumptively correct. *State v. Merwin*, 131 Idaho 642, 647, 962 P.2d 1026, 1031 (1998). Trial courts should follow the I.C.J.I. as closely as possible to avoid creating unnecessary grounds for appeal. *Cf. State v. Sheahan*, 139 Idaho 267, 275, 77 P.3d 956, 964 (2003) (stating that trial courts should adhere to the I.C.J.I., referring to the model instruction on reasonable doubt).

[3] The jury instructions stated that McKay was guilty of vehicular manslaughter if the jury found the following beyond a reasonable doubt:

1. On or about the 5th day of October, 2003,
2. in the state of Idaho, Canyon County,
3. the defendant, Shane McKay, drove or was in actual physical control of
4. a motor vehicle
5. upon a highway, street or bridge or upon public or private property open to the public,
6. while under the influence of alcohol
   or
   while having an alcohol concentration of 0.08 or more . . .
7. and the defendant's operation of the motor vehicle caused the death of Ted Cox.

110 S. Ct. 1691, 1703 n.17 (1990) (citing *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 1072 (1970)). Moreover, as described below, McKay's defense at trial primarily was that it was difficult to see Cox's motorcycle in the dark. Since the only disputed element in McKay's case—whether his driving under the influence of alcohol contributed to the death—was omitted from the instructions, there is no conceivable tactical justification for trial counsel's failure to object. Thus, McKay's trial attorney was objectively deficient in that regard.

Next, to satisfy the prejudice prong of the *Strickland* analysis, McKay must at least show there was a reasonable probability that, but for counsel's deficient performance, there would have been a different outcome at trial. The thrust of McKay's defense at trial was that he was safely operating his vehicle and simply did not see Cox's motorcycle and that he could not have seen it even if he were not intoxicated. The instruction allowed the jury to convict McKay if he was operating a car while under the influence of alcohol and the operation of the car caused the death, but did not require the State to prove that McKay's operation of the car *while under the influence of alcohol* was a significant cause contributing to the death. This negated the "because of" language in I.C. § 18-4006(3). Here, counsel failed to object to jury instructions that omitted an essential element on which reasonable doubt could have existed, i.e., whether McKay's intoxicated state was a significant cause of the accident.

The main disputed facts going to whether McKay's intoxication contributed to Cox's death were McKay's speed at the time of impact; whether Cox's taillight was present and working; and whether McKay hit Cox squarely from behind or whether McKay swerved off the left hand side of the road and lost control of his car, hitting Cox at an angle as he swerved back into the right lane. The defense called two potentially convincing witnesses at trial. The first was Tina Hoover, a construction worker at a site near the crash, who testified that one of Ted's friends, Michael Warren, had spoken to her about the incident while visiting the scene sometime later. Warren was riding next to Cox when the collision occurred. According to Hoover, Warren said that he and Cox had been drinking heavily that day and that they were actually stopped on the roadway when Cox was struck. The second defense witness was an expert in accident investigation and a former state trooper. The expert witness disputed the State's estimate that McKay was traveling sixty-five miles per hour, stating the estimate was far too high and, further, that there was no evidence that there was a taillight on Cox's motorcycle. Hence, McKay has made a prima facie showing that had his trial counsel objected to the jury instructions, the jury

6

could reasonably have concluded that there was reasonable doubt as to the omitted causation element. *See Berg v. State*, 131 Idaho 517, 520, 960 P.2d 738, 741 (1998) ("To establish prejudice, the claimant must show a reasonable probability that but for his attorney's deficient performance the outcome of the proceeding would have been different.").

There was also a reasonable probability of prejudice in trial counsel's failure to object to the word "caused" in the jury instructions. While the State contends that the instructions elevated its burden by requiring proof that McKay's intoxication "caused" Cox's death as opposed to only being a "significant cause contributing to" his death, the effect of this error could just as likely have been to reduce the State's burden. Indeed, in 1997 the legislature amended this statute to replace cause with "a significant cause contributing to" the death. 1997 Idaho Sess. Laws 244. In its Statement of Purpose, the legislature stated that the amendment "is intended to clarify the definition of vehicular manslaughter . . . . The statute as it presently reads has created confusion and resulted in inconsistent interpretations amongst trial judges as well as juries." H.B. 143, 54th Leg. (Idaho 1997). As the Court of Appeals noted, using the word "caused" could reasonably have led the jury to convict McKay even if McKay's intoxication was an indirect or negligible cause of Cox's death. Thus, McKay has established a prima facie case of prejudice for trial counsel's failure to object to this word choice as well and it was error to summarily dismiss his application for post-conviction relief.

Because McKay has established a genuine issue of material fact that trial counsel rendered ineffective assistance, he is therefore entitled to an evidentiary hearing on his application for post-conviction relief. Because we vacate the summary dismissal of McKay's application, we need not address his claim for ineffective assistance of appellate counsel. *See* I.C. § 19-4906(c) (stating that summary dismissal is only permitted where the applicant is not entitled to relief as a matter of law).

## VI. CONCLUSION

The district court's summary dismissal of McKay's application for post-conviction relief is vacated and the application is remanded for an evidentiary hearing.

Chief Justice EISMANN, Justices BURDICK, J. JONES and HORTON, **CONCUR.**

7