# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 40177

| | | |
|---|---|---|
| LARRY EUGENE MORRIS, | ) | 2013 Unpublished Opinion No. 787 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: December 10, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John R. Stegner, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Larry Eugene Morris appeals from the district court's order summarily dismissing his post-conviction petition. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Morris pled guilty to possession of a controlled substance and being a persistent violator. Prior to sentencing, Morris entered into an agreement with the State wherein he agreed to cooperate with law enforcement as a confidential informant and the State agreed to recommend probation. Thereafter, the Department of Health and Welfare initiated a Child Protective Act (CPA) case against Morris after his newborn daughter tested positive for methamphetamine. In the CPA case, the court informed Morris that he would violate a court order and risk losing custody of his daughter if he associated with anyone using drugs. Because of the CPA case,

1

Morris refused to cooperate as a confidential informant. Accordingly, the State did not recommend probation at Morris's sentencing hearing.

The sentencing court imposed a unified term of ten years with five years determinate. Morris filed an Idaho Criminal Rule 35 motion seeking a reduction of his sentence. The court granted the motion, in part, and reduced his sentence to a unified term of ten years with four years determinate. Morris appealed and this Court affirmed the district court's order in *State v. Morris*, Docket No. 38678 (Ct. App. Jan. 8, 2013) (unpublished).

Morris then filed a pro se petition for post-conviction relief alleging, in part, ineffective assistance of counsel. As relevant here, Morris claimed his counsel was ineffective in failing to convince the sentencing court to accept the CPA case records into evidence at the sentencing hearing. The State moved for summary dismissal and Morris, through counsel, responded to the State's motion. Following a hearing on the State's motion, the post-conviction court granted the State's motion and summarily dismissed Morris's petition. Morris timely appeals.

## II.

## ANALYSIS

Morris contends the post-conviction court erred in dismissing his petition for post-conviction relief. A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. Idaho Code § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or it will be subject to dismissal. *Wolf v. State*,

2

152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not

3

controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

On the day of the sentencing hearing, Morris filed a motion for the district court to take judicial notice of his CPA case documents for the purpose of sentencing. At the sentencing hearing, Morris's counsel sought to admit the CPA case documents pursuant to Idaho Rule of Evidence 201.[1] The sentencing court asked counsel if the documents were sealed and counsel responded, "I don't actually know the answer to that."[2] The sentencing court denied Morris's request to take judicial notice of the CPA case documents. During the sentencing hearing, a Court Appointed Special Advocate (CASA) assigned to Morris's CPA case testified positively of Morris's progress in the case. Morris also provided testimony wherein he stated, "I know I didn't follow what the State asked me to do as far as the plea bargain itself. I'm in a Catch-22.

---

[1]     Idaho Rule of Evidence 201 pertains to obtaining judicial notice of adjudicative facts.

[2]     We note that Morris's counsel for his post-conviction proceeding also represented him for his CPA case.

4

If I do what they want me to do, it interferes with my family. I'll do what I have to do to keep my daughter."

In his petition for post-conviction relief, Morris asserted that his counsel provided ineffective assistance at the sentencing hearing for failing to present convincing argument for the court to take judicial notice of his CPA case documents. To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). In analyzing the deficiency prong, the post-conviction court, noting that the rules of evidence do not apply at sentencing, stated that counsel should have argued for admission of the CPA case documents pursuant to the Child Protective Act, I.C. §§ 16-1601, *et seq*., which would have allowed access to the documents upon a showing that doing so was in the best interest of the child. Accordingly, the post-conviction court found that Morris had raised a genuine issue of material fact regarding whether counsel was deficient for seeking to have the CPA case documents judicially noticed pursuant to an inapplicable rule. However, the court found that Morris failed to establish prejudice because he failed to raise a genuine issue of a reasonable probability that the admission of the CPA case documents would have changed Morris's sentence. In making this finding, the court pointed to the CASA's positive testimony and Morris's testimony and stated that "the [sentencing] court was able to consider Morris's performance in the C.P.A. case, and could infer that Morris's desire to meet every condition of that program had hindered his ability to cooperate with the task force."

On appeal, Morris claims that the post-conviction court erred by drawing an inference in favor of the State when the inference should have been construed in his favor. Specifically, he contends that the post-conviction court erred by inferring that the sentencing court was aware that Morris's compliance with the court's order in his CPA case prevented him from complying with the terms of his cooperation agreement. We need not reach the issue of whether the post-conviction court drew an improper inference relative to what the sentencing court knew at the time of sentencing.

Morris's post-conviction claim that his counsel was deficient at sentencing for failing to present evidence about constraints placed on Morris by the CPA proceedings was rendered entirely moot by the proceedings on his Idaho Criminal Rule 35 motion. At the hearing on that

motion, Morris presented to the district court, through his own testimony and through the testimony of Sergeant Daniel O'Dell of the Coeur d'Alene Police Department, evidence that he did not want to carry through with his agreement to serve as a confidential informant because doing so could cause him to lose custody of his daughter. That information was plainly presented to the sentencing court on the Rule 35 motion, and the sentencing court took it into account when deciding to reduce the determinate term of Morris's sentence from five years to four years. The Rule 35 proceedings remedied the alleged deficiency of counsel at the sentencing hearing. Morris has already received the only remedy that could appropriately be granted on this claim in the post-conviction action, which is resentencing with presentation to the sentencing court of the information concerning the effect of the child protective proceedings on Morris's willingness to serve as a confidential informant. Therefore, this post-conviction claim is moot, and the district court's summary dismissal is affirmed on that basis.

## III.

## CONCLUSION

Morris has failed to demonstrate reversible error. Accordingly, the district court's order summarily dismissing his petition for post-conviction relief is affirmed.

Chief Judge GUTIERREZ and Judge LANSING **CONCUR.**