# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 39594/40446

<table>
<tr><td>

DENNIS L. NIELSON,

    Petitioner-Appellant,

v.

STATE OF IDAHO,

    Respondent.

</td><td>

)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)

</td><td>

2014 Unpublished Opinion No. 694

Filed: August 25, 2014

Stephen W. Kenyon, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

</td></tr>
</table>

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge.

Judgments dismissing post-conviction actions, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Deborah A. Whipple, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

LANSING, Judge

Dennis L. Nielson was convicted of lewd conduct with a minor under sixteen. Nielson challenged his conviction in two post-conviction actions: an original action and a successive action. Both were summarily dismissed. Nielson challenges those dismissals in this appeal. He argues that the district court should not have dismissed two claims: a claim that he was prejudiced by an evidentiary ruling and a claim involving his competency.

## I.

## BACKGROUND

Nielson was charged with lewd conduct with a minor under sixteen, Idaho Code § 18-1508. During most of the pretrial process and during the entire trial, Nielson was represented by counsel. He represented himself, however, for a brief period beginning at a pretrial conference scheduled to determine the admissibility of other misconduct evidence and ending immediately before jury selection.

1

Pursuant to Idaho Rules of Evidence 404(b) and 609, the State submitted notice of its intent to introduce evidence of Nielson's prior sexual contact with children. Through counsel, Nielson argued that the evidence should not be admitted. The court did not issue its oral ruling until Nielson was again represented by counsel. In its ruling, the court held that Nielson's prior sexual contact with children could be admitted into evidence pursuant to I.R.E. 404(b). It also ruled that his prior sex offense convictions were admissible pursuant to I.R.E. 609. In particular, it found that the State could adduce this evidence if Nielson opened the door to it by testifying.

At various points, Nielson made unsworn statements indicating that he might be mentally ill. In a pretrial conference, he stated that he had "started having psychotic events" and that, as a result of these episodes, he had executed a power of attorney in favor of his wife. He also indicated that he had been held in a mental health facility inside a prison, provided medicine for his mental illness, and discharged from that unit only because he was not a danger to himself or others. On the other hand, he stated that he "never had a psychiatric evaluation." Nielson's counsel unequivocally stated that "there is no question in my mind [Nielson] is competent to proceed today." In response to Nielson's conflicting statements, the court concluded that "Nielson is competent. . . . If there are psychological issues, they have not been demonstrated here."

On the morning before jury selection, Nielson submitted a written motion asserting that he was not competent. He claimed that a doctor had diagnosed him with schizophrenia. The court denied this motion on the basis that Nielson failed to submit any evidence of his mental illness. After the motion was denied, Nielson explained that he did not intend to assert his mental illness as a defense and affirmatively stated that he was not "crazy."

The case proceeded to jury trial, where the State's evidence showed that Nielson manually touched the genitals of his child victim. The State also adduced evidence of flight to show consciousness of guilt. Nielson did not present any evidence. Instead, he argued that the victim was not credible when she reported the touching to one parent two years after the incident. The jury found Nielson guilty, and the court imposed a unified sentence of fifty years with thirty years fixed, to run consecutively to Nielson's sentences in other cases.

Nielson appealed several of the district court's rulings. We addressed each in *State v. Nielson*, Docket No. 33823 (Ct. App. Aug. 1, 2008) (unpublished). As to several claims of error relating to Nielson's brief period of pro se representation, we held that Nielson failed to show

2

any prejudice and therefore was not entitled to any relief. We also held that the district court did not abuse its discretion by not ordering a psychosexual evaluation or updated presentence investigative report. Finally, we determined that the district court did not abuse its discretion when sentencing Nielson.

Thereafter, Nielson filed a petition for post-conviction relief. It was summarily dismissed, but Nielson appealed that dismissal. While that appeal was pending, Nielson filed a successive post-conviction action. It alleged that Nielson should be allowed to file a successive petition because his attorney in the first post-conviction action was ineffective. On Nielson's motion, the Idaho Supreme Court stayed the appeal of the original post-conviction action, pending a decision on his successive post-conviction action. Thereafter, the successive post-conviction action was also summarily dismissed, and Nielson again appealed. The two post-conviction appeals were consolidated and are now before this Court.

Nielson argues that the district court erred by dismissing two claims of ineffective assistance of counsel, one for defense counsel's failure to adequately preserve the I.R.E. 404(b) issue for appeal and one for defense counsel's failure to request a competency evaluation.

## II.

## ANALYSIS

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding governed by the Idaho Rules of Civil Procedure. I.C. § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008); *see also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of the evidence the allegations upon which the request for post-conviction relief is based. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its

3

allegations or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not

4

controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88; *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Strickland*, 466 U.S. at 696; *Aragon*, 114 Idaho at 761, 760 P.2d at 1177. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance

5

of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

## A. Successive Petition

We begin by holding that Nielson's successive petition was not authorized by Idaho law and therefore was properly dismissed. The circumstances under which a successive post-conviction petition may be presented are defined in Idaho Code § 19-4908:

> All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

When Nielson's successive petition was filed, Idaho case law held that allegations of ineffective assistance of prior post-conviction counsel could provide a sufficient reason to permit a successive post-conviction petition. *Palmer v. Dermitt*, 102 Idaho 591, 596, 635 P.2d 955, 960 (1981). That case law has recently been overruled, however, in *Murphy v. State*, 156 Idaho 389, 327 P.3d 365 (2014). The Idaho Supreme Court abrogated the prior line of cases and held that "ineffective assistance of post-conviction counsel is not a sufficient reason under I.C. § 19-4908 for allowing a successive petition." *Murphy*, 156 Idaho at 392, 327 P.3d at 367. Nielson's successive petition, which was filed before *Murphy* was issued, asserted only a single "sufficient reason," the ineffective assistance of his counsel in the original post-conviction action. Because under current Idaho law that is not a "sufficient reason," his successive petition was not permissible. Accordingly, we affirm the dismissal of the successive petition on this basis and do not further address any of claims raised in the successive petition.

## B. I.R.E. 404(b) Claim

On appeal, Nielson claims that the post-conviction court erroneously dismissed his claim that his trial counsel was ineffective for failing to make an adequate record. He argues that trial counsel should have had him testify as an offer of proof in order to preserve his potential testimony for the purposes of an appeal. However, because this claim was not raised in the original post-conviction action, we will not consider this claim of error.

6

In his original post-conviction action, Nielson affirmatively stated "trial counsel *did provide* effective assistance of counsel" and argued that *appellate* counsel was ineffective. (emphasis added). Nielson first claimed ineffective assistance of trial counsel in his successive petition. For the reasons stated above, we will not review claims of ineffective assistance raised solely in the successive post-conviction action. Accordingly, we conclude that Nielson has failed to show error.

## C.    Competency Claim

Nielson argues that his defense counsel provided ineffective assistance by not filing a motion requesting a competency evaluation. Nielson has asserted error both in the dismissal of his original post-conviction action and in the dismissal of his successive post-conviction action. Once again, however, we will consider only Nielson's claims challenging a ruling made in the initial post-conviction case.

In that action, the district court held that Nielson had presented no evidence that he was mentally ill. On appeal, Nielson concedes that "[i]nitial post-conviction counsel failed to present the requested evidence." As stated above, a petition that is not supported by admissible evidence is "subject to dismissal." *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Roman*, 125 Idaho at 647, 873 P.2d at 901. After our own review of the record, we find no error in the post-conviction court's dismissal of this claim, for Nielson presented no *admissible* evidence sufficient to raise an inference that he was incompetent during the criminal proceedings.

Nielson presented *unsworn* statements from the trial transcript along with an ambiguous and unsworn document of uncertain provenance. Because neither is a statement made under oath, neither is admissible evidence. *See* I.C. § 19-4906(c); I.R.C.P. 56(e); I.R.E. 603. In his verified, amended petition, Nielson did state that he had been diagnosed with schizophrenia, began experiencing "psychotic events" a year prior, and had been treated for his schizophrenia. While these statements are admissible evidence, for the reasons that follow we conclude that they do not raise a factual issue as to whether he was incompetent to stand trial or assist in his defense during the criminal proceedings.

An illustrative case is *Ridgley v. State*, 148 Idaho 671, 227 P.3d 925, (2010), where the post-conviction petitioner submitted an expert report stating that the petitioner currently suffered from major depression, post-traumatic stress disorder, and anxiety disorder. The Idaho Supreme Court held that this evidence was insufficient because it did not show that the petitioner was

7

incompetent when he pleaded guilty, which was the relevant point in time. *Id.* at 679, 227 P.3d at 933. It also held that the petitioner's own opinion that he was incompetent at the time of his guilty plea "was not admissible evidence" because the petitioner was not a qualified expert. For these reasons, the Court affirmed the order granting summary dismissal of his claim.

Similar deficiencies in the evidence exist here. First, the evidence submitted in the original post-conviction action does not describe Nielson's mental status at the appropriate time. Second, the mere diagnosis of schizophrenia is insufficient to show incompetence.[1] Third, Nielson presented no evidence of his mental condition from a qualified expert. Because he has not provided evidence showing that he was incompetent at the relevant time, Nielson has not shown that his attorney was deficient in failing to move for a competency evaluation or that Nielson was prejudiced thereby.

We note that Nielson was twice told by the court that he would be permitted to rectify this failure of evidence and twice failed to do so. In both the criminal case and in the first post-conviction case, the trial court indicated that it was willing to consider Nielson's claims of mental illness once he presented appropriate evidence showing he was mentally ill. Nielson did not do so on either occasion.[2]

### III.

### CONCLUSION

Idaho law governing successive petitions for post-conviction relief no longer permits a petitioner to raise claims in a successive petition because his counsel in a prior post-conviction

---

[1]    In recent cases, we have emphasized the capacity of people with physical and mental disabilities and have observed:

> Disabilities that gravely influence one sphere of a person's life may not limit a person in another sphere. Consequently, legal determinations of capacity and competency do not rely upon sweeping generalizations.

*State v. Hamlin*, 156 Idaho 307, 324 P.3d 1006, 1014 (Ct. App. 2014). There may exist certain symptoms, that if present at the relevant time, will almost universally warrant a finding of incompetence, e.g., severe catatonia symptoms that render a person nonresponsive. However, it is not the case that a schizophrenia diagnosis is dispositive of competency. To hold otherwise would require this Court to assert expertise far outside of its institutional competence.

[2]    We also note that the record tends to indicate that Nielson was competent. His conversation with the court during the criminal case was lucid. It was clear that he understood the parties, their roles, his interests in the case, the evidence against him, and how he could challenge that evidence.

action was deficient. Accordingly, Nielson's claims in his successive petition were properly dismissed because these claims were predicated on his contention that counsel in his original post-conviction action was ineffective. Nielson's claim in this appeal of ineffective assistance of defense counsel regarding I.R.E. 404(b) evidence is not the same I.R.E. 404(b) claim raised in his first post-conviction action, and we therefore do not address it. The competency claim raised on appeal was raised in Nielson's first post-conviction action, but was properly dismissed because Nielson failed to provide admissible evidence to support the claim. Therefore, the judgments of the district court dismissing Nielson's post-conviction actions are affirmed.

Chief Judge GUTIERREZ and Judge GRATTON **CONCUR.**