# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 41525

| | | |
|---|---|---|
| WESTON KENNETH NELSON, | ) | 2014 Unpublished Opinion No. 821 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: November 20, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. William H. Woodland, District Judge.

Judgment summarily dismissing action for post-conviction relief, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Weston Kenneth Nelson pleaded guilty to burglary and challenged his conviction in a post-conviction proceeding. He argues that the district court erred by summarily dismissing his post-conviction claims either by failing to state the grounds upon which the dismissal was based or by dismissing the claims on improper grounds.

## I.

## BACKGROUND

Nelson was convicted of burglary and sentenced to a unified term of ten years' imprisonment with six years fixed. He filed an appeal challenging his sentence, which was denied. *State v. Nelson*, Docket No. 39429 (Ct. App. Aug. 21, 2012) (unpublished). Thereafter, he filed the petition for post-conviction relief that is at issue in this appeal. In his petition, he raised four claims of ineffective assistance of counsel, including a claim that his attorney "told me that I would qualify for a problem-solving court, which [the attorney] was a member of the

1

board of, knowing that I was a Utah resident with no local ties." He also requested the appointment of counsel. Counsel was appointed to represent Nelson, but post-conviction counsel did not file an amended petition. The State filed a motion for summary dismissal in which it asserted three independent grounds for dismissing the problem-solving court claim. First, the State argued that the claim was "not a matter appropriately before [the trial court] in a post-conviction action [and was] not consistent with the record." Second, the State argued that Nelson had not provided any documentation or evidence to support the claim. Finally, the State argued that because the claim was not raised on direct appeal, Idaho Code § 19-4901 barred relief.

At the hearing on the State's motion for summary dismissal, Nelson's counsel assessed the claim on the record:

> [The petitioner] indicates "[Trial counsel] advised me to plead guilty with the intent of entering a problem-solving court." He did apply for the problem-solving courts, and he was turned down from Drug Court. He was turned down from Wood Pilot Court. And he was also turned down for Mental Health Court. So I don't see that his ineffective assistance of counsel claim is supported.

Counsel then proceeded to make similar assessments of all but one of the petitioner's claims, a claim that the prosecutor breached the plea agreement by recommending the maximum permissible sentence.

At the end of the hearing, the district court made an oral ruling that addressed the merits of the breach of plea agreement claim, but did not address the merits of any other claim. The court did, however, say that certain unspecified claims should have been raised on direct appeal. On these grounds, the district court dismissed the petition for post-conviction relief. Later, in a written "Minute Entry" the court noted that Nelson's post-conviction counsel had "reviewed the petitioner's allegations and outlined the issue available for argument."

Nelson appeals and argues that the district court erred by dismissing his claim that his attorney represented that he would be eligible for entrance into a problem-solving court if he pleaded guilty. On appeal, the parties primarily argue about the nature of the disposition below. The State argues that Nelson's counsel waived the claim at the hearing. Nelson argues that the district court erroneously dismissed his claim on the theory that the issue should have been raised in a prior appeal. In the alternative, the State argues that claim was properly dismissed because of other defects in the claim.

2

## II.

## ANALYSIS

To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, a post-conviction petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *State v. Payne*, 146 Idaho 548, 561, 199 P.3d 123, 136 (2008); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994). Because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *State v. Yakovac*, 145 Idaho 437, 444, 180 P.3d 476, 483 (2008); *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036,

1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho

367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

The record shows that both parties and the district court believed that Nelson waived his claim regarding defense counsel's advice concerning the problem-solving court. Nelson's counsel clearly expressed his view that the claim was meritless. The State relied upon that waiver and presented no argument as to that claim at the hearing. Then, the court addressed only the claims that Nelson's counsel argued. After the court issued its oral ruling, Nelson's counsel made no effort to clarify the record or request a ruling regarding the problem-solving court, thus evidencing his understanding that his comment amounted to a waiver.

On appeal, Nelson acknowledges that the statement was made, but does not acknowledge that the statement had any legal import. Instead, he contends that the district court either failed to rule on this claim or improperly ruled that the claim was barred by Idaho Code Section 19-4901(b). He also argues that if the claim is addressed on the merits, he should prevail. We do not reach these issues, but conclude that the court properly dismissed the claim pursuant to the waiver of the claim by counsel.

Generally, a client is bound by his attorney's conduct. *State v. LePage*, 102 Idaho 387, 391, 630 P.2d 674, 678 (1981). This general rule gives way when the right at issue is contained in the Constitution and is granted "to a criminal defendant in order to preserve a fair trial." *Schneckloth v. Bustamonte*, 412 U.S. 218, 237 (1973). Here, because no such constitutional right was at issue, the general rule applies and the district court was entitled to rely upon the waiver by counsel.

Because the only claim that Nelson argues on appeal was waived below, the judgment of the district court is affirmed.

Chief Judge GUTIERREZ and Judge GRATTON **CONCUR.**